

FILED

DEC 2 2 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEWIS KING DEANS and<br>FELICIA KING,<br><br>       Plaintiffs,<br><br>vs.<br><br>ANCHORAGE SCHOOL DISTRICT,<br>et al.,<br><br>       Defendants. | Case No. A05-0283 CV (JKS)<br><br>ORDER REGARDING THE<br>FILING FEE and PERMITTING<br><u>AMENDED COMPLAINT</u> |

    Felicia King, representing herself, and attempting to represent her developmentally disabled 19-year old son, Lewis King Deans, has filed a civil complaint, along with an application to waive the $250 filing fee in this case.[1] Because Ms. King did not provide full and complete financial information on the application, however, the application is deficient. For example, Ms. King did not

---

[1] See Docket Nos. 1, 2.

T:\Orders.05\1983\deans ifp.wpd

answer all of the questions on the form.[2] The Court must have full and complete information about an individual's financial status to make a decision about fees.

Ms. King will each be allowed to file a new application on the enclosed Court form. She is reminded to answer **all** questions on the application fully, completely and directly, or the application will be denied. If a question does not apply, answer "N/A"; otherwise answer "yes" or "no", check all applicable boxes, fill in all blanks, and provide complete information as requested. The form must be **signed** and **dated**.

Further, the Court must deny leave to waive fees "at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."[3] As explained by the Fourth Circuit Court of Appeals, "screen[ing] out meritless cases" is necessary to prevent the abuse of "free access to the courts."[4] The Court is aware that in conducting its review, it must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the benefit of any doubt.[5] Before a court

---

[2] See Docket No. 1 at 2.

[3] *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir.1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987); see also § 1915(e).

[4] See *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 953 (4th Cir. 1995) (en banc), *cert. denied*, 116 S.Ct. 1273 (1996), following *Neitzke v. Williams*, 490 U.S. 319, 324-328 (1989).

[5] See *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam) ("construing [pro se plaintiff's] inartful pleading liberally" and reversing § 1915 dismissal); *Ortez v. Washington County*, 88 F.3d 804, 807 (9th Cir.

may dismiss a self-represented plaintiff's complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend, unless it is clear that amendment would be futile.[6]

### Self-representation

Although a legal adult is allowed to represent him or herself, a non-attorney **may not represent another** litigant in court, **even under a power of attorney**.[7] Both the Court of Appeals for the Ninth Circuit, and the Supreme Court for the State of Alaska have so held. In *Johns v. County of San Diego*, the Ninth Circuit held that although a "litigant in federal court has a right to act as his own counsel ... a non-lawyer 'has no authority to appear as an attorney for others than himself.'"[8] Our rules provide that only an "attorney admitted to practice as an attorney and counselor at law before the courts of the State of Alaska, is eligible for admission to practice in the United States District Court for the District of Alaska."[9]

---

1996).

[6] See *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).

[7] Ms. King has attached a power of attorney from her son, over all of his affairs until he reaches the age of 26. See Docket No. 2, attachment.

[8] *Johns v. County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997), quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

[9] D. Ak. LR 83.1(a)(1).

Holding directly that a non-attorney may not represent another in court under a power of attorney, the Alaska Supreme Court decided that a lay person may not, "by virtue of his capacity as attorney-in-fact for his principal, ... appear on his principal's behalf and act as legal counsel in a court of law unless admitted to so practice."[10] The Court explained that "'[a] person may not engage in the practice of law in the state unless the person is licensed to practice law in Alaska and is an active member of the Alaska Bar.'"[11]

Ms. King does not purport to be an attorney, permitted to practice in this Court, and may not represent her son in this action.[12] Ms. King may wish to contact the Alaska Bar Association's Lawyer Referral Service, for assistance in securing counsel, and/or for an initial 1/2 hour $50.00 consultation.[13] She may also try Alaska Legal Services Corporation, to see if she and her son qualify for any available legal services.[14]

---

[10] *Christensen v. Melinda*, 857 P.2d 345, 348 (Alaska 1993).

[11] *Id.* at 346, citing Alaska Bar Rule 63; *see also* Alaska Rule of Civil Procedure 81(a)(1) ("only attorneys who are members of the Alaska Bar Association shall be entitled to practice in the courts of this state").

[12] In a Sept. 2, 2005, letter to the Anchorage School District, Ms. King states that Lewis Deans is "disabled and is not prepared to govern all decisions by himself," and that "Lewis ... will no longer sign any papers unless his mother is there." Docket No. 2, attachment.

[13] Lawyer Referral Service, 272-0352.

[14] Alaska Legal Services Corporation, 272-9431.

### Exhaustion

"Judicial review under the IDEA [Individuals with Disabilities Education Act] is ordinarily available only after the plaintiff exhausts administrative remedies," but exhaustion is not required, however, "if it would be futile or offer inadequate relief, or if the agency has adopted a policy or pursued a practice of general applicability that is contrary to the law."[15] The party alleging the exception to the exhaustion rule carries the burden of proof.[16]  As Ms. King is aware, this issue will likely be challenged by the defendants if the action proceeds prior to full administrative exhaustion.[17]

### Amending Complaint

Ms. King will be allowed to amend the complaint before service.[18]  She may not represent her son, but may only represent herself.[19]  In the amended complaint, she must state, specifically, what defendant(s) did or did not do which she believes constitutes a legal wrong against her, and what specific relief she wants from the

---

[15] *Doe v. Arizona Dept. Of Education*, 111 F.3d 678, 681 (9th Cir. 1997) (citations and quotation marks omitted).

[16] *See id.* at 681.

[17] *See* Docket No. 2 at 1 (contending that a "procedural breach ... would make the exhaustion of administrative remedies futile.").

[18] *See also* FED. R. CIV. P. 15(a).

[19] If counsel files the amended complaint, s/he may represent them both.

Court. Because Ms. King seems to be alleging what most approximates civil rights violations, the Court has attached a form to assist her in amending the complaint. In completing this civil rights form, she must carefully **follow** the **instructions** with the form. Ms. King must give **facts** in support of each claim. She should state the facts in her own words, as if she were **briefly** and **concisely** telling someone what happened. The facts must specifically allege how **each** defendant has harmed her, and must avoid stating conclusions. Last, Ms. King must **sign** and **date** the complaint. Later, if Ms. King's claims proceed before the Court on the merits, at the discretion of the Court, she may be given an opportunity to submit a brief on the issues in which she may more thoroughly argue the case as in her lengthy and detailed account in the initial complaint.[20]

Further, Ms. King should make no reference to the initial complaint or other extraneous (outside) documents. The Court cannot refer to a prior pleading in order to make the amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading.[21] This is because, as a

---

[20] A complaint "shall contain a **short and plain statement** of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (emphasis added). A complaint is the "initial pleading that starts a civil actions and states the basis for the court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief." BLACK'S LAW DICTIONARY 279 (7th ed. 1999). A brief, on the other hand, is a "written statement setting out the legal contentions of a party in litigation, ... consisting of legal and factual arguments and the authorities in support of them." *Id.* at 186.

[21] *See* D.Ak.LR 15.1(2).

general rule, an amended complaint supersedes (takes the place of) the original complaint.[22]

**IT IS HEREBY ORDERED** that:

1. Ms. King's request to waive payment of fees, at docket number 1, is DENIED with leave to amend;

2. If Ms. King decide to proceed with this action in light of the above-described deficiencies, she must file an amended application to waive the filing fee **on the enclosed forms** as explained in this Order, or pay the Court's $250.00 filing fee on, or before **January 23, 2006**; otherwise this action will be dismissed without further notice;

3. The Clerk of Court is directed to send a copy of form PS11, Application to Waive the Filing Fee, with instructions, to Ms. King with this Order;

4. The complaint at docket number 2 is stricken, and if Ms. King decide to proceed with this action in light of the above-described deficiencies, she shall file an amended complaint **on the enclosed civil rights complaint form**, representing only herself (if self-represented), on or before **January 23, 2006**;

---

[22] See Florida Dept. of State v. Treasure Salvors, Inc., 458 U.S. 670, 706 n. 2 (1982) ("It is the complaint which defines the nature of an action, and once accepted, an amended complaint replaces the original"); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989).

5.  The Clerk of Court is directed to send form PS02, Complaint Under the Civil Rights Act, with instructions, to Ms. King with this Order;

6.  In the alternative, Ms. King may file the enclosed notice of voluntary dismissal, without prejudice, on or before **January 23, 2006**;

7.  The Clerk of Court is directed to send form PS09, Notice of Voluntary Dismissal, to Ms. King with this Order;

8.  If Ms. King wishes to make any requests for action by the Court during these proceedings, she must do so in the form of a **motion**;

9.  The Clerk of Court is directed to send a copy of the Court's motion form, PS12, to Ms. King with this Order;

10. Ms. King shall provide the Court with the original, plus one complete and legible copy, of every paper she submits for filing, as required by this Court's Local Rule 5.1(b); and

11. The Clerk of Court is directed to send a copy of our *pro se* handbook, "Representing Yourself in Alaska's Federal Court," to Ms. King with this Order.

DATED this ____ day of December, 2005, at Anchorage, Alaska.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

A05-0283--CV (JKS)

FEES