IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEWIS DEANS,<br><br>    Plaintiff,<br><br>vs.<br><br>ANCHORAGE SCHOOL DISTRICT,<br>et al.,<br><br>    Defendants. | Case No. 3:05-cv-00283-TMB<br><br><u>ORDER GRANTING<br>MOTION TO REOPEN</u> |

Lewis Deans, representing himself, has filed a motion to reopen his civil rights lawsuit.[1] Federal Rule of Civil Procedure 60(b) provides for relief from final judgment or order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or ... reversed or otherwise vacated ... ; or (6) any other reason justifying relief from the operation of judgment."

---

[1] *See* Docket No. 20.

Mr. Deans filed his motion to reopen twenty days after the judgment of dismissal, well within the 1-year time period after judgment as required for reasons (1), (2) and (3) of Rule 60(b), and alleges facts that fit the Rule 60(b)(1) criteria, that of excusable neglect.  Mr. Deans appears to have been under the mistaken belief that the summonses his mother submitted to the Court, when she was a party to the case, and which provided that the defendants were to serve her as well as Mr. Deans with an answer, was sufficient.[2]  They are not.  Mr. Deans' mother is not an attorney and is not a party to this case.[3]  Because Mr. Deans is representing himself, the answers to his complaint and all other papers filed by the defendants, must be served on him alone.

Although "ignorance or carelessness on the part of a litigant or his attorney ... [are not] grounds for relief under Rule 60(b)(1),"[4] the United States Supreme Court has "set forth an equitable 'framework' for determining the question of excusable neglect in particular cases, and [the court] will ordinarily examine all of the circumstances involved rather than holding that any single circumstance in isolation compels a particular result regardless of the other factors."[5]  As the Court of Appeals

---

[2] *See* Docket No. 20.

[3] *See* Docket No. 8.

[4] *Engleson v. Burlington Northern Railroad Company*, 972 1038, 1043 (9th Cir. 1992).

[5] *Briones v. Rivera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997) (per curiam), citing *Pioneer Investment Services Co. v. Brunswick Associates*

for the Ninth Circuit more recently explained, "[e]xcusable neglect is an equitable concept that takes account of factors such as 'prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. ... Because 'good cause' is typically enough to demonstrate 'excusable neglect,' no reason exists to analyze these criteria separately."[6]

Although the Court sent Mr. Deans summons forms and explained what he must do to effect service, Mr. Deans apparently thought he had already taken the first step.[7]  Because Mr. Deans is representing himself and has developmental disabilities,[8] the Court finds that this misunderstanding amounts to excusable neglect, as described above.

---

*Ltd. Partnership*, 507 U.S. 380, 395 (1993).

[6] *Franchise Holding II, LLC v. Huntington Restaurants*, 375 F.3d 922, 927 (9th Cir. 2004) (citations omitted); *see also Bateman v. United States Postal Service*, 231 F.3d 1220 1223-24 (9th Cir. 2000) ("[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the ⋯ [gravity of the neglect] and its potential impact on the proceedings; (3) the reason for the [neglect]; and (4) whether the movant acted in good faith.") (citations omitted).

[7] *See* Docket Nos. 16, 17, 20.

[8] *See* Docket No. 5.

Therefore, **IT IS HEREBY ORDERED** that:

1. Mr. Deans' motion to reopen his civil rights case, at docket number 20, is GRANTED.

2. The Clerk of Court again shall send Mr. Deans 11 summons forms with this Order. Mr. Deans must complete the summons forms for defendants, and return the completed original forms, plus two copies for each defendant, to the Court for signature and seal. If the summonses are in proper form, they will be issued for service.[9]

3. Once Mr. Deans receives the summonses **issued** by the Clerk of Court (not the blank forms, which plaintiff must complete and send back to the Court), he shall send, **for each defendant,** a fully completed Form 285, a copy of the complaint, an original and one copy of the summons, and a copy of this Order to:

   United States Marshal
   222 West 7th Avenue, Box 28
   Anchorage, Alaska 99513

4. When the United States Marshal receives from Mr. Deans an appropriately completed Form 285, a copy of the complaint, an original and one copy of the summons, and a copy of this Order **for each defendant**, the Marshal shall

---

[9] See FED. R. CIV. P. 4(b). On the form, under "Plaintiff's Attorney," Mr. Deans must write or type only his own name and address.

serve a copy of the complaint, summons and this Order upon the defendants. All costs of this service shall be paid in advance by the United States. **Mr. Deans is responsible for paying the U.S. Marshal's fees and costs, however, and will be billed for these fees and costs after service of process is complete.**

5. Mr. Deans must file proof that he has served each and every defendant with a copy of the summons and complaint on or before **October 31, 2006.** Otherwise, this action will be dismissed without further notice.

6. Defendants shall have twenty (20) days after the date of service to file an answer or other responsive pleading.

DATED this 28th day of September, 2006, at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS
United States District Judge