IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEWIS KING DEANS,<br><br>    Plaintiff,<br><br>vs.<br><br>ANCHORAGE SCHOOL DISTRICT,<br>et al.,<br><br>    Defendants. | Case No. 3:05-cv-00283-TMB<br><br>ORDER OF DISMISSAL |

On December 2, 2005, Lewis King Deans filed a civil rights complaint, and a motion to waive the filing fee.[1] Once Mr. Deans provided the required information from which the Court could grant a waiver of the filing fee, the fee was waived, and, on April 4, 2006, the Court issued an order giving notice to Mr. Deans that he must "proceed with the steps outlined in this Order to insure that service of process is completed within thirty days of the date of this order."[2] The Court explained to Mr.

---

[1] *See* Docket No. 1.

[2] Docket No. 11 at 2.

Deans how to complete service.[3]  The Court reminded Mr. Deans again, in its July 6, 2006, minute order, that he must follow the instructions regarding service, or his case would be dismissed.[4]  When Mr. Deans failed to serve the defendants, the Court dismissed his case.[5]

However, Mr. Deans apparently thought he had already submitted appropriate summons forms,[6] and because Mr. Deans is representing himself and has developmental disabilities,[7] the Court found that this misunderstanding amounted to excusable neglect,[8] and granted his motion to reopen his case.[9]  In that

---

[3] See Docket No. 11.

[4] See Docket No. 17.

[5] See Docket Nos. 18, 19.

[6] See Docket Nos. 16, 17, 20.

[7] See Docket No. 5.

[8] See Franchise Holding II, LLC v. Huntington Restaurants, 375 F.3d 922, 927 (9th Cir. 2004) ("Excusable neglect is an equitable concept that takes account of factors such as 'prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. ...  Because 'good cause' is typically enough to demonstrate 'excusable neglect,' no reason exists to analyze these criteria separately.") (citations omitted); see also Bateman v. United States Postal Service, 231 F.3d 1220 1223-24 (9th Cir. 2000) ("[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the ⋯ [gravity of the neglect] and its potential impact on the proceedings; (3) the reason for the [neglect]; and (4) whether the movant acted in good faith.") (citations omitted).

[9] See Docket Nos. 20, 21.

September 29, 2006, Order, the Court again explained how to serve the defendants, and told Mr. Deans that he "must file proof that he has served each and every defendant with a copy of the summons and complaint on or before **October 31, 2006.** Otherwise, this action will be dismissed without further notice."[10] To date, Mr. Deans has failed to show that he has served any of the defendants, as required by Federal Rule of Civil Procedure 4(m),[11] and the Orders of the Court.

**IT IS THEREFORE ORDERED:**

Mr. Deans' case is DISMISSED without prejudice.

DATED this 6th day of December, 2006, at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS
United States District Judge

---

[10] Docket No. 21 at 5.

[11] See FED. R. CIV. P. 4(m) ("[i]f service of the summons and complaint is not made upon a defendant within 120 days of the filing of the complaint, the court ... after notice to the plaintiff, shall dismiss the action without prejudice.").