IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEWIS DEANS,<br><br>    Plaintiff,<br><br>vs.<br><br>ANCHORAGE SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No. 3:06-cv-00283-TMB<br><br><u>ORDER GRANTING<br>MOTION for RECONSIDERATION</u> |

Lewis Deans, representing himself, has filed a motion for reconsideration of the dismissal of his civil rights lawsuit.[1] Federal Rule of Civil Procedure 60(b) provides for relief from final judgment or order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or ... reversed or

---

[1] *See* Docket No. 20.

otherwise vacated ... ; or (6) any other reason justifying relief from the operation of judgment."

Mr. Deans filed his motion to reopen eight days after the judgment of dismissal, well within the 1-year time period after judgment as required for reasons (1), (2) and (3) of Rule 60(b), and alleges facts that fit the Rule 60(b)(1) criteria, that of excusable neglect.  Mr. Deans appears to have been under the mistaken belief that the U.S. Marshal's office was connected to this Court.[2]  They are not.  However, Mr. Deans has shown that he has attempted to comply with the Court's orders regarding service, by immediately following up with filing returns of services.[3]

Although "ignorance or carelessness on the part of a litigant or his attorney ... [are not] grounds for relief under Rule 60(b)(1),"[4] the United States Supreme Court has "set forth an equitable 'framework' for determining the question of excusable neglect in particular cases, and [the court] will ordinarily examine all of the circumstances involved rather than holding that any single circumstance in isolation compels a particular result regardless of the other factors."[5]  As the Court of Appeals

---

[2] *See* Docket No. 24.

[3] *See* Docket Nos. 25-30.

[4] *Engleson v. Burlington Northern Railroad Company*, 972 1038, 1043 (9th Cir. 1992).

[5] *Briones v. Rivera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997) (per curiam), citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).

for the Ninth Circuit more recently explained, "[e]xcusable neglect is an equitable concept that takes account of factors such as 'prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. ... Because 'good cause' is typically enough to demonstrate 'excusable neglect,' no reason exists to analyze these criteria separately."[6]

Because Mr. Deans is representing himself and has developmental disabilities,[7] the Court finds that this misunderstanding amounts to excusable neglect, as described above.

Therefore, **IT IS HEREBY ORDERED** that:

Mr. Deans' motion to reopen his civil rights case, at docket number 24, is GRANTED.

DATED this 22 th day of December, 2006, at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS
United States District Judge

---

[6] *Franchise Holding II, LLC v. Huntington Restaurants*, 375 F.3d 922, 927 (9th Cir. 2004) (citations omitted); *see also Bateman v. United States Postal Service*, 231 F.3d 1220 1223-24 (9th Cir. 2000).

[7] *See* Docket No. 5.