Stephen C. Slotnick
State of Alaska
Department of Law
P.O. Box 110300
Juneau, AK  99811-0300
Telephone: (907) 465-6722
Facsimile:  (907) 465-2520
E-mail: neil_slotnick@law.state.ak.us

Attorney for the Alaska Department of
Education and Early Development, Art Arnold,
and Sharon Schumacher.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

LEWIS KING DEANS,                     )
                                      )
          Plaintiff,                  )
                                      )
vs.                                   )
                                      )
ANCHORAGE SCHOOL DISTRICT,            )
et al.,                               )
                                      )
          Defendants.                 )     Case No. 3:05-cv-00283-TMB
_____       )

### State's Motion to Dismiss State Defendants
### and
### Memorandum in Support of Motion

Plaintiff Lewis Deans has filed suit against numerous defendants, including

three state defendants—Art Arnold, the special education director for the Alaska

Department of Education and Early Development, Sharon Schumacher, a program

manager who is supervised by Mr. Arnold, and the department itself.  The state moves to

dismiss the state defendants with prejudice under Federal Rule of Civil Procedure 12(b).

The court should grant the motion because the court does not have subject matter jurisdiction over the action as it relates to the state defendants, the complaint does not state a claim against the state defendants upon which relief can be granted, and Mr. Deans has not properly served the state defendants. This motion is supported by the memorandum below.

### A. The state defendants should be dismissed because the court does not have subject matter jurisdiction to apply the federal laws in the complaint to the state defendants

The state joins in Anchorage School District's motion to dismiss for failure to exhaust administrative remedies, and adopts the district's argument on this issue by reference. Mr. Dean's complaint alleges deficiencies in his education. In particular, he bases his claim on special education law, called the Individuals with Disabilities Education Act (IDEA).[1] To broadly summarize Mr. Deans' complaint, he believes that he has been denied his right to a free and appropriate public education. As the District has explained, exhaustion is a jurisdictional requirement that applies to all claims arising from the IDEA—including claims under other statutes that arise from the allegations regarding special education. Although Mr. Deans asserts that exhausting the due process requirement would be futile, nothing in this record supports his assertion. Indeed, Mr. Deans admits that the state was providing him with the process he requested.[2] Had Mr.

---

[1]  20 U.S.C. §§ 1400-1482.

[2]  *See* Verified Motion for Summary Judgment at ¶ 86.

STATE'S MOTION TO DISMISS STATE DEFENDANTS                    Page 2 of 12
*Deans v. Anchorage School District,* 3:05-cv-00283-TMB

Deans pursued the administrative process, he would have had the opportunity to pursue all of his arguments before an administrative hearing officer. Accordingly, this court should dismiss the state defendants because the court does not have subject matter jurisdiction over claims based on Mr. Deans' rights to special education that have not been pursued through the administrative process.

### B.    The state defendants should be dismissed because Mr. Deans' pleadings do not state a claim against the state defendants

In addition to failing to exhaust his administrative remedies, Mr. Deans has not stated a claim for relief against the state defendants. Under Civil Rule 12(b)(6), this means that the state defendants should be dismissed from this case.

The state defendants are not responsible for delivering Mr. Deans' education. They do not have any relationship with Mr. Deans or his teachers. If Mr. Deans believes that his rights under the IDEA have been abridged, he must pursue a remedy against the Anchorage School District, not the state.

Below, the state will show first that the laws raised by Mr. Deans do not provide him with a cause of action against the state defendants. Next, the state will address the facts alleged by Mr. Deans. Here, even if all the facts alleged are true, these facts do not establish that the state defendants did anything wrong. Therefore, the state defendants cannot be liable to Mr. Deans, and should be dismissed from this action.

1.     **Mr. Deans has no cause of action against the state defendants**

    a.     **Mr. Deans has no cause of action against state officials under the IDEA**

Under state and federal law, Mr. Deans' local school district has the responsibility to provide him with an appropriate education.[3] Under the IDEA, the state has general supervisory responsibility over the administration of special education by school districts. The state's responsibility, however, is to oversee the *system*.[4] As long as there is a system in place, the state is not responsible for providing an *individual* education to Mr. Deans.

This division of responsibility is most clearly seen in the laws that provide a remedy under the IDEA. Under Alaska statutes, a child who believes that his or her right to special education has not been met may request a due process hearing.[5] The state's role under the due process hearing statute is to appoint an independent hearing officer.[6] Because the school district has the responsibility to provide the education to the child, only the school district would be the respondent in a due process hearing.

---

[3]     AS 14.14.090(2); AS 14.30.186(a)(1); 20 U.S.C. § 1413l; 34 C.F.R. §§ 300.200 – 300.230.

[4]     34 C.F.R. § 300.149.

[5]     AS 14.30.193.

[6]     *Id.*

STATE'S MOTION TO DISMISS STATE DEFENDANTS                    Page 4 of 12
*Deans v. Anchorage School District,* 3:05-cv-00283-TMB

1

2    Here, for example, Mr. Deans' primary allegation is that the defendants

3    have "failed in [their] duty of 300.514."[7] The regulation upon which Mr. Deans relies,

4    34 C.F.R § 300.514 (1999), is known as the "stay put" provision, which requires that a

5    school district keep a child in the child's current placement during the time that a dispute

6    is pending in administrative or judicial process.  The state, however, is not responsible

7    for providing "stay put" to a child who is being educated by a school district.

8    Accordingly, Mr. Deans cannot sue the state under 34 C.F.R. § 300.514 (1999).

9    In *Bradley v. Arkansas Department of Education,* the Eighth Circuit held

10   that a state's responsibilities under the IDEA could not give rise to a cause of action

11   under the IDEA.[8] *Bradley* held that the court has no role in enforcement of the IDEA

12   against a state because federal funding under the IDEA is conditioned on a state's

13   procedural compliance.  Thus, the United States Department of Education's approval of

14   the state's IDEA grant is evidence of "de facto compliance" with the requirements of the

15   IDEA.[9] Moreover, even if the state were found deficient in its training and monitoring

16   responsibilities, it would not give rise to a cause of action because it would not be a

17

18

19

20   _____

21   [7]    Dean's Verified Motion of Summary Judgment at 1.  It appears that Mr.
22   Deans is citing the 1999 version of the Code of Federal Regulations, which was in place
     at the time that Mr. Deans originally filed his action.  Under the current regulations, the
23   "stay put" provision is found at 34 C.F.R. § 300.518 (2006).

24   [8]    *Bradley v. Arkansas Dep't of Educ.,* 443 F.3d 965, 977 (8th Cir. 2006).

25   [9]    *Id.*

STATE'S MOTION TO DISMISS STATE DEFENDANTS                                    Page 5 of 12
*Deans v. Anchorage School District,* 3:05-cv-00283-TMB

violation of the "private rights" of school children.[10]  It follows that this court should

dismiss the IDEA claims against the state defendants because Mr. Deans has no cause of

action under the IDEA.

### b.    Mr. Deans has no cause of action under Section 1983 or the ADA

Mr. Deans has stated that his action is a "Civil Rights Complaint,"

meaning that it is an action under 42 U.S.C. § 1983.  Yet, Section 1983 can only be

invoked if an individual is deprived of a "right."  Here, as explained above, Mr. Deans

has no private rights under the IDEA that are enforceable against the state.[11]

Accordingly, Mr. Deans cannot maintain a Section 1983 action against the state

defendants.

The Americans with Disabilities Act prohibits discrimination in a place of

public accommodation.[12]  Here, the only allegations regarding the ADA stem from the

alleged violations of the IDEA.  Given that the state defendants have not violated any of

Mr. Deans' rights under the IDEA, Mr. Deans' complaint fails to state an allegation of

---

[10]    *Id.*

[11]    *Id.*  As explained below, even if the state had a responsibility to provide for Mr. Deans' private rights under the IDEA, it would not give Mr. Deans the right to sue the state under § 1983.  *See Alex G. v. Board of Trustees of Davis Jt. Unified Sch. Dist.,* 332 F.Supp.2d 1315, 1316-20 (E.D. Cal. 2004).  Because this argument would apply to all defendants, the Anchorage School District will brief it.

[12]    42 U.S.C. § 12182.