discrimination cognizable under the ADA.[13] Therefore, his ADA claims against the state should also be dismissed.

### 2. The facts alleged, even if true, do not support an inference that the state defendants may have violated Mr. Deans' rights

In the alternative, if Mr. Deans could have a cause of action against the state defendants under the IDEA, Section 1983, or the ADA, he must allege facts that would indicate that a state defendant has violated one of these statutes. He has not done so. This provides an additional reason to dismiss this action.[14]

Assuming that Mr. Deans' "Verified Motion for Summary Judgment" will be treated as a complaint, it states facts mostly about actions of employees of the Anchorage School District. The factual allegations regarding the state defendants are sparse. As explained below, those facts that are alleged do not indicate that any state official has done anything wrong.

The first paragraph that alleges any facts about the state defendants is paragraph 86, which mentions the State Educational Agency. This paragraph alleges that

---

[13] *See, e.g., Armstrong ex rel. Steffensen v. Alicante School*, 44 F.Supp.2d 1087, 1090 (E.D. Cal. 1999) (dismissing ADA claims involving special education rights based on an IDEA claim that had no merit).

[14] *See, e.g., Balistreri v. Pacifica Police Dep't* 901 F.2d 696, 699 (9th Cir. 1990) ("complaint should not be dismissed under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.")

Deans was rushed into a Pre-Hearing. Yet, timelines for special education hearings are short—a hearing officer has only 45 days in which to issue a decision.[15] Even if Mr. Deans felt rushed by this short deadline, that does not give him a cause of action against Mr. Arnold, Ms. Schumacher, or the department. Paragraph 86 also alleges that the Anchorage School District was allowed to ignore the "stay-put" requirement. Similarly, paragraph 94 alleges that the "Alaska State Dept. Did not follow, procedures regarding the Stay-put provision."[16] Yet, neither Mr. Arnold nor Ms. Schumacher—nor any other employee of the Department—have a responsibility to implement the stay put provision—only the Anchorage School District can do that.[17] Accordingly, the facts alleged in paragraphs 89 and 94 do not state a claim for relief.

Paragraphs 90-93 describe correspondence between Mr. Deans and the department. These paragraphs allege that Mr. Deans wrote at least three times to the department, and filed three complaints. The only allegation that involves action or inaction by the department is found in paragraph 91, which states in its entirety: "I did not hear from the State Educational Agency until Oct. 3, 2005, by phone in which they

---

[15] 4 AAC 52.550(f).

[16] Verified Motion for Summary Judgment at ¶ 94 (capitalization and punctuation in original). A further reason to reject these averments is that they are conclusory—they do not tell us what any official actually did; they merely conclude that someone did not follow procedures.

[17] The state is not accepting Mr. Deans' view that the Anchorage School District did anything wrong. Here, however, the only thing the state officials could have done was to provide dispute resolution *process* to Mr. Deans; they could not have evaluated him or implemented his IEP.

STATE'S MOTION TO DISMISS STATE DEFENDANTS                                    Page 8 of 12
*Deans v. Anchorage School District*, 3:05-cv-00283-TMB

talked of mediation, in flying in someone from Montana in about 10 days."[18] Nothing in this paragraph alleges an action or inaction that, if true, would constitute a violation of Mr. Deans' rights. In sum, paragraphs 90-93 do not allege any facts that, if true, would establish that the state defendants did anything wrong. No other paragraphs in this document make allegations of wrongdoing by state officials or otherwise allege facts from which a possible state liability to Mr. Deans could be inferred. Accordingly, this court should dismiss the state defendants from this action

### 3. Mr. Deans cannot bring a § 1983 action based on the IDEA because the enforcement scheme of the IDEA precludes a § 1983 action

As the Anchorage School District has argued, the comprehensive enforcement scheme of the IDEA precludes a cause of action under Section 1983. This doctrine is based on *Blessing* or *Gonzaga* preclusion, based on the two cases of the United States Supreme Court which made clear that a detailed administrative enforcement scheme in a provision means that Congress impliedly precluded use of Section 1983 to enforce the provision. The state joins in the argument of the Anchorage School District on this issue and adopts its briefing on this issue by reference. This provides an alternative grounds for dismissing the state defendants from Deans' Section 1983 claims.

---

[18] Verified Motion for Summary Judgment at ¶ 91. Note that the department is required to make mediation available to complainants. 4 AAC 52.490; 34 C.F.R. § 300.506 (1999). In paragraph 92, Mr. Deans states that he rejected mediation.

### C. The state defendants should be dismissed because of insufficiency of process and service of process

#### 1. The service of process has been insufficient for all state defendants

The state joins in the Anchorage School District's Motion to Dismiss on the issue of insufficiency of process and adopts by reference the facts and arguments on this issue made by the district in support of its motion. The state defendants request that they be dismissed from this case for the reasons stated by the district.

In addition to all of the deficiencies in service that have been enumerated by the district, service has been insufficient on all of the state defendants because Mr. Deans did not serve the attorney general as required by FRCP 4(j)(2). Under this rule, service upon the state must either be made upon the governor or as required by Alaska Civil Rule 4, which requires service upon both the state officer and the attorney general.[19] Mr. Deans has not served the attorney general. Accordingly, the state defendants should be dismissed.

#### 2. Neither Mr. Arnold nor the department have been physically served

Of the three state defendants, the record reflects that Deans has attempted to serve only Ms. Schumacher, who received a summons and the "complaint" by mail. Although a summons for Mr. Arnold has been lodged at Docket No. 30, it clearly states

---

[19] Alaska R. Civ. P. 4(d)(7) & (d)(8).

on the summons form that the summons was "served directly to principal Cheryl Guyett."[20] Ms. Guyett appears to be an employee of the Anchorage School District. She does not work for the State of Alaska and has no authority or apparent authority to accept service for Mr. Arnold. Because Mr. Arnold has not been served, he should be dismissed as a defendant.

The Alaska Department of Education and Early Development has not been served and there is no record of any attempt to serve the department. Moreover, the evidence indicates that Mr. Deans does not consider the department to be a defendant—the department is not listed on the document titled "Civil Rights Complaint" (also titled "Verified Motion of Summary Judgment") served upon Ms. Schumacher. Further, the department would not be a proper defendant under Section 1983 because the department is not a person.[21] Accordingly, the department should be dismissed.

### D. Conclusion

This court does not have subject matter jurisdiction over this matter because Mr. Deans has failed to exhaust his administrative remedies. In addition, Mr. Deans has failed to state a claim against the state defendants. The state defendants do not have a responsibility to provide Mr. Deans with an education and are not a proper

---

[20]   Docket No. 30.

[21]   *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

respondent in an action regarding Mr. Deans' special education. Accordingly, the state defendants should be dismissed with prejudice.

TALIS J. COLBERG
ATTORNEY GENERAL

By: *[signature]*

Stephen C. Slotnick
Assistant Attorney General
Alaska Bar No. 9011113

**Certificate of Service**

I certify that on January 3, 2007, a copy of the foregoing document and PROPOSED ORDER were sent via USPS, first class postage pre-paid, to the following attorneys and parties of record:

Bradley D. Owens, Esq.
Raymond E. Goad, Esq.
Jermain, Dunnagan, & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

Lewis King Deans
310 West 76th Ave., Apt. E
Anchorage, AK 99518

*[signature]*
Tim Nault, Law Office Assistant