BEFORE THE ALASKA DEPARTMENT
OF EDUCATION AND EARLY DEVELOPMENT
SPECIAL EDUCATION DUE PROCESS HEARING OFFICER

JDO
JUN 01 2006

IN THE SPECIAL EDUCATION MATTER

CONCERNING STUDENT

Due Process Hearing #06-08

**HEARING OFFICER'S ORDER**
**DISMISSING DUE PROCESS HEARING**

The Anchorage School District ("ASD") has submitted a request for dismissal of this due process hearing, citing "the refusal and failure of the parent or student to timely pursue and comply with the procedural requirements for the hearing" (*see* attached February 10, 2006 letter from attorney Brad Owens). In response to ASD's request, on February 14 I issued a "Notice of Intent to Dismiss Due Process Hearing" (hereinafter referred to as "February 14 Notice of Intent"), telling Parent and Student that I needed to hear from them regarding their intention to proceed with their request for hearing, otherwise this matter would be dismissed.

On February 15 I received a letter from Student dated February 14, 2006, which appeared to have been written prior to Student or Parent receiving my February 14 Notice of Intent. On February 17, I received from the Department of Education and Early Development a copy of a letter Student had written to Art

LAW OFFICES OF
ANDREW M. LEBO
425 G Street, Suite 920
ANCHORAGE, AK 99501
(907) 276-8275
FACSIMILE
(907) 276-4848



EXHIBIT 10
Page 1 of 10

Arnold and Sharon Schumacher, dated February 12, 2006 (this letter and my February 14 Notice of Intent also appeared to have crossed in the mail). In both of these letters Student strenuously stated his continuing objection to the status of his education, and he provided a new address in the February 14 letter with the handwritten notation next to it "to insure delivery." I sent a letter to Student at the new address, dated February 16, enclosing copies of my prior letters and the February 14 Notice of Intent, and explaining that that I couldn't do anything about Student's educational status without holding a hearing, and that Student or Parent needed to communicate with me so that a hearing could be scheduled.

I then spoke with staff of the Disability Law Center ("DLC") about possibly providing student and his parent with legal assistance. On February 17, I wrote to Parent and Student and asked them to contact DLC to discuss this possibility (*see* attached letter to DLC). DLC staff subsequently informed me that they had heard from Student and were attempting to obtain an information release from Student to allow DLC to obtain information about the case. On March 15, DLC wrote to inform me that they would be unable to represent Student in this matter (*see* attached DLC response letter).

I served the February 14 Notice of Intent to Dismiss by regular mail and certified mail on Parent and Student at the address provided by Parent in the request for hearing. The certified mail copy was returned to my office in late March, marked "return to sender, unclaimed." I served my February 16 and

LAW OFFICES OF
ANDREW M. LEBO
425 G Street, Suite 920
ANCHORAGE, AK 99501
(907) 276-8275
FACSIMILE
(907) 276-4848

February 17 letters by regular mail to the address provided in Student's February 14 letter.

I have never spoken with Student about this matter. Student is over 18 years old. The request for hearing was filed by Parent, with whom I had a total of two telephone conversations on October 26 and November 11, 2005. Parent indicated verbally that she had a written authorization from Student to act on his behalf in this matter, but Parent never provided any written power of attorney or other document signed by Student authorizing her to so act.

Subsequent to my second phone conversation with Parent of November 11, 2005, Parent ceased communicating with me. The facts regarding this communication breakdown are described in my letters of November 25 and December 20 (*see* attached copies) and need not be repeated here.

In a letter dated November 15, 2005, Parent stated that I should no longer communicate with her by telephone, but instead should communicate in writing only. On January 2, 2006, I had not received any response to my letters to Parent and Student, and I felt it was important that I try to help Student receive educational services, so notwithstanding the November 15 letter, I called Parent. A female person answered the phone, declined to identify herself, and then hung up the phone when I identified myself.

I have never received any response from Parent or Student to any of my letters or to my February 14 Notice of Intent to Dismiss.

LAW OFFICES OF
ANDREW M. LEBO
425 G Street, Suite 920
ANCHORAGE, AK 99501
(907) 276-8275
FACSIMILE
(907) 276-4848

For the record, from the documents submitted to my by Parent, it appears that Student has not attended school in ASD since late August or early September 2005, and further that Student fervently believes that ASD has violated the law in its dealings with him since September. I cannot judge the validity of Student's views, however, because I've been unable to hold a hearing, due to the inability or unwillingness of Parent and Student to communicate with me.

The due process hearing procedures established by the Individuals with Disabilities Education Act and related state statutes require participation by the parent requesting the hearing; and when a student is over age 18, his or her participation is necessary as well. I have waited a considerable amount of time since issuing the February 14 Notice of Intent to give Parent and Student an additional opportunity to get in contact with my office and participate in the process. The utter lack of participation by both Parent and Student in this matter, however, leaves me no choice but to order as follows: this matter is hereby dismissed, without prejudice to Student's right to file a new request for hearing on the issues raised by Parent in this matter.

In accordance with AS 14.30.193(f) and 20 U.S.C. 1415(i)(1)(A), this decision is a final administrative order. The parties are reminded that either party may appeal this decision within 30 days with the Alaska Superior Court, pursuant to AS 14.30.193(f) and AS 44.62.560. An appeal may also be taken

LAW OFFICES OF
ANDREW M. LEBO
425 G Street, Suite 920
ANCHORAGE, AK 99501
(907) 276-8275
FACSIMILE
(907) 276-4848

pursuant to 20 U.S.C. 1415(i)(2)(A) and 34 CFR 300.512, and applicable federal rules.

DATED at Anchorage, Alaska, this 19th day of May, 2006.

Andrew M. Lebo, Alaska Bar #9011106
Due Process Hearing Officer

Certificate of Service

The undersigned certifies that on the 19th day of May, 2006, a true and correct copy of the foregoing Order was served by regular mail on Parent and Student, and on Brad Owens.

Andrew M. Lebo

LAW OFFICES OF
ANDREW M. LEBO
425 G Street, Suite 920
ANCHORAGE, AK 99501
(907) 276-8275
FACSIMILE
(907) 276-4848





ANDREW M. LEBO
ATTORNEY AT LAW
425 G STREET, SUITE 920
ANCHORAGE, ALASKA 99501
TEL (907) 276-8275 FAX (907) 278-4848

November 25, 2005

Felicia King & Louis Deans
310 W. 76th Ave., Apt. E
Anchorage, AK 99518

Brad Owens
Jermain, Dunnagan & Owens
3000 A St., Ste. 300
Anchorage, AK 99503

Re: L.D., Due Process Hearing No. 06-08

Dear Ms. King, Mr. Deans, and Mr. Owens:

I write to the parties to provide a status report regarding this due process hearing matter, which was initiated by Ms. King on behalf of Mr. Deans on October 11, 2005. As an initial matter, the documents I have received from the Alaska Department of Education and Early Development (D.E.E.D.) indicate that the hearing was request was dated October 11. Ms. King has stated during one of our telephone conversations, however, that her request for hearing was originally filed on October 4, 2005. At this time I do not know the source of this apparent discrepancy, and therefore I must assume that the date provided by D.E.E.D. is accurate.

I was appointed as the independent hearing officer in this matter on October 24, 2005. On October 26, I contacted Ms. King to attempt to set up a pre-hearing conference, the standard first step towards setting a hearing date and a pre-hearing schedule. Ms. King informed me that she was in the process of trying to obtain counsel to represent her in the hearing and that she did not wish to attend a pre-hearing conference without counsel, particularly if the Anchorage School District ("ASD") would be represented by counsel. I told Ms. King that I encourage her efforts to find counsel and that if she couldn't afford private counsel, I recommended that she contact Disability Law Center. I told her about the 45-day timeframe requirement for due process hearings and explained that a parties' search for counsel can be grounds for extending the timeframe, but only within reasonable limits. I further explained that a pre-hearing conference is usually just a scheduling session and I encouraged her to be willing to participate in an initial teleconference without counsel. Ms. King reiterated that she wished to find counsel before participating.

In addition, during this initial phone conversation, I noted that Mr. Deans is over the age of 18. Ms. King informed me that she has a power-of-attorney from Mr. Deans authorizing her to make decisions on his behalf regarding his education. I asked Ms. King to send me a copy of the power-of-attorney document.





Later on October 26 I contacted the office of ASD's counsel at Jermain Dunnagan and Owens, to ask which attorney there would be handling this matter for ASD. I spoke with attorney Ray Goad and briefly explained the purpose and content of my *ex-parte* conversation with Ms. King. On October 27, I received a message from attorney Andrena Stone at the same firm, who informed me that she would be handling this matter until attorney Brad Owens returned from vacation, that she understood that Ms. King was unwilling to proceed with a pre-hearing conference without counsel, and that a "resolution meeting" would be set for the following week. I then had a telephone conversation with Ms. Stone on October 28, confirming the content of her message.

On November 1, 2005, I received a call from Sharon Schumacher at D.E.E.D., who informed me that she had received a packet of materials from Ms. King which were apparently intended to be sent to me. Ms. Schumacher also explained that Ms. King has filed a separate complaint with D.E.E.D., which is being handled by investigator Diane Brown. Ms. Schumacher subsequently forwarded to my office the materials received from Ms. King; they included letters dated October 28, October 4 (two), September 25, and September 23, 2005. Some of these letters appeared to pertain at least in part to Ms. King's D.E.E.D. complaint, but Ms. Schumacher was unsure as to how to separate the correspondence and so she forwarded the entire package to me.

On November 8, 2005, I received from Ms. Stone a letter stating that it was provided to me to bring me "up to date regarding the Anchorage School District's lack of contact" with Ms. King concerning the request for due process hearing. The letter indicated that a copy had been sent to Ms. King and Mr. Deans. It stated that ASD had sent to Ms. King and Mr. Deans, via certified mail, a written response to the request for hearing, dated October 27, 2005. The October 27 response informed Ms. King and Mr. Deans that a "resolution meeting" would be held, pursuant to the IDEA, on October 31, 2005. Ms. Stone's November 8 letter stated that neither Ms. King nor Mr. Deans had attended the resolution meeting, despite a phone invitation and the notice sent via certified mail. Ms. Stone referred to my earlier attempt to set up a pre-hearing conference and Ms. King's unwillingness to participate until she could find counsel. Ms. Stone indicated that " if Ms. King remains unwilling to meet to discuss the due process request that she has filed, the Anchorage School District may ultimately ask that the hearing request be denied on that ground."

On November 11, I spoke again with Ms. King by telephone. I told her that I had not yet received a copy of Mr. Deans' power-of-attorney authorizing her to act on his behalf. She said that she only had a non-notarized document and that Mr. Deans was in the process of completing a notarized form. I told her that a non-notarized document would be fine and asked her to send it to me. I again explained the 45-day timeframe for due process hearings and commented that it is my understanding that the purpose of it, at least in part, is to protect a student's right to receive educational services in a timely fashion. I told Ms. King that if a resolution meeting is attempted but fails to resolve the issues in dispute, the 45-day timeframe begins to run 30 days after the date of the request for hearing. I told Ms. King, therefore, that based on the October 11 date discussed in my initial paragraph above, the 45-day timeframe



had started running on November 10, 2005. I also told Ms. King about her correspondence that Ms. Schumacher had forwarded to me in early November. I explained that Ms. King should send any correspondence relating to this due process hearing directly to my office, and I confirmed that she had my correct address. Ms. King informed me that she had recently sent a letter to ASD officials and had mailed me a copy. She further stated that she was still trying to engage an attorney to represent her in this matter, and that if she was unable to do so she would still like to have someone to counsel her or assist her in some fashion.

On approximately November 14, I received from Ms. King a copy of a November 8 letter to ASD's special education director Jerry Sjolander, in which Ms. King stated that she was requesting certain documents and information from ASD and that Mr. Deans would call to arrange to pick them up. Her letter went to state that Mr. Deans would "come directly to pick up his records along with requested information, so we can proceed with pre-hearing conference." The letter also mentioned that "there is a circle of lawyers which the state and Anchorage district are familiar with, and in contact with, and that the proposed hearing officer may know them all." Ms. King further stated that

> "I am attempting to seek a neutral legal entity for Lewis. And although it may be a futile attempt; it is necessary anyway. So this needs to also be taken in consideration, regardless of the might and tight close knit connections that may leave many poorly or marginally represented."

On November 21, Ms. Schumacher informed me that she had received a letter from Ms. King, addressed to me at D.E.E.D. in Juneau and dated November 15. Pursuant to my request, Ms. Schumacher faxed a copy of the letter to my office. It indicates that copies were sent to D.E.E.D. and various ASD personnel; a copy is attached to this letter. Pertinent portions of the letter are quoted below:

> "Pursuant to the fact that you intimated legal assistance is hard to find in Alaska. And you seem to imply time could be utilized better just going to the prehearing and taking it from there. Also you seem concerned about the fact that Lewis Deans should be given legal address as soon as possible so that his education does not fall by the wayside.
>
> Let me state that Lewis is willing to waive the 45 day rule, so that proper preparation for due process can occur. Especially if it is acknowledge [*sic*] that legal assistance is hard to find. Then it is common sense that more time may be needed. Also no blame can fall on any parent for educational loss if that parent disclosed everything that would prevent the child from educational loss. . . . Then I would say preparation for his legal rights is more important then [*sic*] expediency to insult and further injury.
>
> 1. I did not choose you as a hearing officer and the post date is 3 days not 5 when you assumed the position.



2. It is my opinion but I question your neutrality, because you are so pushy and in a rush as if Lewis do not have the right of preparation, when schools have millions, secretaries, lawyers, researchers in multiplication. Yet you feel as though the only thing Lewis has time, for prep, he is not entitled to.
3. Lewis is past 16 and can waive the 45 day rule, to protect his interests and to attempt legal redress, to address why he could not start school with his IEP and go to his neighborhood school who now has him as absent, because he chose to protect his rights under federal law as well as his neurological pathways and a continuum of services.
4. Let us not forget the responsible parties, the SEA and the school district, talk to them about the rules and make sure they know them, and do not call me, rather send whatever you have in writing, or I'll call you. Lewis is in the process of notorizing [sic] a power of attorney form. It will be sent to the SEA and school district and yourself shortly.

Most recently, I have received a letter from Mr. Owens, dated November 21, 2005, stating that he will be taking over as ASD's attorney in this case.

It is appropriate that I respond to some of the points raised by Ms. King in her letters.. First, pursuant to Ms. King's apparent request in her letter, I will no longer attempt to communicate with her or Mr. Deans by telephone, but will only communicate in writing. Second, I am unaware of any actions that I've taken or statements that I've made that might have led Ms. King to question my neutrality, and I remain committed to maintaining my neutrality and objectivity in this or any other matter in which I am appointed as an independent hearing officer. Ms. King or any party appearing before me is free at any time before the hearing in this matter to raise any concerns relating to my impartiality under the procedure set forth in 4 AAC 52.560(c). Third, Ms. King appears to object to the procedure followed by D.E.E.D. in appointing me as hearing officer. It appears to me that D.E.E.D. properly followed their procedures that led to my appointment, but if Ms. King wishes to further pursue this concern, she should do so by submitting a formal letter to Sharon Schumacher at D.E.E.D. explaining her grounds for objecting to my appointment.

The parties need to be absolutely clear that neither party can ***waive*** the 45-day timeframe for this due process hearing. Extensions of the 45-day timeframe can only be granted on a party's motion, based on a showing of good cause. As I have explained to Ms. King, a party's need to search for legal counsel ***could*** constitute good cause for such an extension. However, I cannot consider one party's motion or request for an extension without the other party having the opportunity to be heard on the issue. Under any but the most extreme circumstances, a party cannot submit a motion for an extension during an ***ex parte*** phone conversation with the hearing officer. Thus, at this point in time I have not granted an extension of the 45-day timeframe, and it continues to run. If we are able to proceed with a pre-hearing conference, either party can address the 45-day timeframe with the other party present during the conference.

It has now been 32 days since I was appointed in this matter. According to my calculations, fifteen days have elapsed within our 45-day timeframe. No pre-hearing conference has yet been held. I still have not received any document that constitutes authority for Ms. King to act on behalf of Mr. Deans, who is over age 18.

I will be out of state traveling from November 27 through December 3, returning to my office on December 5, 2005. During my absence the parties are directed to do the following:

(a) Ms. King shall submit to my office, at the above address, whatever documentation she possesses that sets forth her authorization to act on Mr. Deans' behalf;

(b) Ms. King and ASD's counsel shall confer by telephone and determine an appropriate time to appear via telephone at a pre-hearing conference, to be held during the week of December 5;

(c) The parties should be prepared to discuss potential hearing dates at the pre-hearing conference, as well as whether either party believes there are grounds for extending the 45-day timeframe in this matter.

If either party has any questions or concerns about any of the matters discussed in this letter, they can leave a message for me on my office voicemail. I will be monitoring my messages during my absence. Thank you.

Very truly yours,

Andrew Lebo

cc: Sharon Schumacher, D.E.E.D.