Bradley D. Owens, Esq.
Raymond E. Goad, Jr., Esq.
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK  99503
Telephone:  (907) 563-8844
Facsimile:  (907) 563-7322

Attorneys for Jerry Sjolander, Cindy Anderson, Cheryl Guyett,
James Aronow, Julye Neel, Kristin Shank and Debi Wilson.

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| LEWIS KING DEANS,<br><br>         Plaintiff,<br><br>vs.<br><br>ANCHORAGE SCHOOL DISTRICT,<br>et al.,<br>         Defendants. | Case No. 3:05-cv-00283-TMB |

## ANCHORAGE SCHOOL DISTRICT EMPLOYEE DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

## I.    INTRODUCTION

Certain Defendants in this case, specifically certain employees of the Anchorage School District, (collectively "District Defendants") moved to dismiss Lewis King Deans' case for the reason that Mr. Deans failed to exhaust his administrative remedies.  The District defendants also argued, in the alternative, that Mr. Deans fails to state a claim upon which relief can be granted because the IDEA enforcement scheme precludes a § 1983 action.  Finally, certain District Defendants, Mr. Sjolander, Mr. Aronow, Ms. Neel, Ms. Shank and Ms. Wilson, moved to dismiss for the additional reason that the

service of process was insufficient.[1]  The District Defendants provide this brief reply to address two issues raised in what appears to be Plaintiff's opposition to the Motion to Dismiss.  The first is the nature and sufficiency of the District Defendants' Memorandum supporting dismissal.  The second issue addressed in this reply concerns Plaintiff's restatement of his futility argument in relation to his obligation to exhaust administrative remedies prior to filing a lawsuit.[2]

## II.     LEGAL ARGUMENT

### A.     The Defendants Are Entitled to Assert Defenses by Pre-Answer Motion.

Mr. Deans seemingly opposes the District Defendants' motion by arguing that his Verified Motion requires defendants to "specifically" answer "each and every allegation."[3]  Mr. Deans also asserts that his pleading requires the District Defendants to respond by answering or denying the "100 statements" contained therein, and to support such answers or denials with "substantiated evidence."[4]  He cites no case or rule to support this contention.

This Court appears to have treated Mr. Deans' Verified Motion as an initial pleading, or complaint.  Mr. Deans himself refers to his initial pleading as a complaint; in

---

[1]     As of the date of this Reply, the Defendant Anchorage School District has not been served.

[2]     Mr. Deans fails to respond to the arguments that the IDEA enforcement scheme prohibits a § 1983 action and that there is insufficient service of process as to Mr. Sjolander, Mr. Aronow, Ms. Neel, Ms. Shank and Ms. Wilson.

[3]     Plaintiff's Proposed Denial of Order Granting Motion to Dismiss, at unnumbered p. 1.

[4]     *Id*.

fact a "Civil Rights Complaint."[5]  As such, the District Defendants may present certain defenses by pre-answer motion consistent with the Federal Rules of Civil Procedure, which they did in this case.[6]  Accordingly, the District Defendants are not obligated to answer Mr. Deans' initial pleading in the manner he asserts in his opposition, and dismissal is otherwise warranted.

### B.     The Exhaustion Requirement Applies in this Case.

As stated in the Opening Brief, the Ninth Circuit has held that "[w]here, as here, a plaintiff has alleged injuries that could be redressed *to some degree* by the IDEA's administrative procedures and remedies, then the Courts should require exhaustion of administrative remedies."[7]  Further, any doubts about whether the administrative remedies will address a particular injury should be resolved in favor of requiring exhaustion.[8]

In opposition to dismissal, Mr. Deans does not deny that he failed to exhaust administrative remedies.  Mr. Deans asserts that he disagreed with the Anchorage School District's placement decision and that "[s]tay put comes before due process . . .."[9]  Mr. Deans goes further than he did in his initial pleading, arguing that since "[s]tay put comes before due process," and because the "defendants . . . tried to put due process before stay

---

[5]       Verified Motion, at unnumbered p. 1.

[6]       *See* Fed. R. Civ. P. 12(b).

[7]       *Robb v. Bethel School District # 403*, 308 F.3d 1047, 1054 (9th Cir. 2002) (emphasis added).

[8]       *Id*. at 1050.

[9]       Plaintiff's Proposed Denial of Order Granting Motion to Dismiss, unnumbered p. 2.

put" any attempt to exhaust administrative remedies is futile.[10]  Although difficult to discern precisely, Deans seems to argue that exhaustion is futile because of a disagreement over a stay-put placement.

This argument should be rejected.  The stay-put provision is not an exception to the exhaustion requirement.  Mr. Deans seeks to litigate claims, the source and nature of which can be redressed in some degree by the IDEA, including any stay-put placement.  In addition, Mr. Deans has failed to allege any facts to support his futility argument.  Accordingly, exhaustion is required.   Mr. Deans failed to exhaust his administrative remedies.  Dismissal of this lawsuit is appropriate.

1.    The IDEA stay put provision is not an exception to the exhaustion requirement.

Deans contends that the "illegal unilateral displacement" of him by offering education services under a Section 504 plan violated the stay put, or maintenance of placement, provision of the IDEA.[11]  Among the procedural safeguards contained in the IDEA is a provision which states, in pertinent part:  "during the pendency of any proceedings conducted under this section, unless the State or local education agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child . . . until such proceedings have been completed."[12]  This is known as the "stay

---

[10]     Plaintiff's Proposed Denial of Order Granting Motion to Dismiss, at unnumbered p. 2.

[11]     Plaintiff's Verified Motion, at ¶ 30.

[12]     20 U.S.C. § 1415(j).  Mr. Deans seeks an injunction for use now and in the future. However, Mr. Deans does not allege any facts that support his assertion that any proceedings under the IDEA are currently pending, thus entitling him to any consideration under stay put.

put" provision.[13]

        Deans attempts to allege that exhaustion of administrative remedies is futile. The Supreme Court has recognized that "parents may bypass the administrative process where exhaustion would be futile or inadequate."[14] The plaintiff bears the burden of demonstrating the futility of administrative review.[15] Mr. Deans has failed to allege any facts that would demonstrate the exhaustion of his claims would be futile.[16] The Verified Motion simply asserts without any factual support that exhaustion is excused because stay put comes before due process and the parties disagreed.

        Furthermore, the IDEA does not state that administrative exhaustion is excused when a school district violates the stay put provision. A violation of the stay put rule would be a matter affecting a child's educational placement, by virtue of the explicit terms of the IDEA. As noted in the District Defendants' Opening Brief, the scope of administrative proceedings under the IDEA and the concomitant Alaska statute are very broad, and include within the scope of such administrative hearings, <u>any</u> issues related to placement.[17] Administrative hearing officers have jurisdiction to hear and resolve issues

---

[13]     *See R.K. v. Hayward Unified Sch. Dist.*, No. C06-07836 JSW, 2007 WL 174418, at *1 (N.D. Cal. Jan. 22, 2007) (citing *Johnson ex rel Johnson v. Special Education Hearing Office*, 287 F.3d 1176, 1179 (9th Cir. 2002)).

[14]     *Honig v. Doe*, 484 U.S.305, 327 (1998).

[15]     *Id.*

[16]     *See, e.g., Robb v. Bethel Sch. Dist. No. 403*, 308 F.3d 1047, 1050 n. 2 (9th Cir. 2002)(noting that the party alleging the futility of the IDEA procedures bears the burden of proof).

[17]     *See* District Defendants Opening Brief , at n. 52 (citing Alaska Stat. 14.30.193(a)) ("A school district or parent of a child with a disability may request a due process hearing on any issue related to identification, evaluation, or educational placement of the child, or the

surrounding stay put placement.[18]  Moreover, courts, including those in the 9th Circuit, have

applied the exhaustion requirement to stay put placement issues.[19]  Thus, assuming

*arguendo* that Deans is correct that the stay put provision was violated, Mr. Deans should

have raised the stay put issue as part of his due process hearing request, and obtained an

order from the hearing officer – in other words, Deans should have exhausted his

---

provision of a free, appropriate, public education") and 34 CFR 300.507(a)(1)); *see also*, 20 U.S.C. § 1415(b)(6) (providing an opportunity to present a due process complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child . . . ").

[18]    *See Pachl ex rel. Pachl v. Sch. Bd. of Independent School Dist. No. 11*, NO. Civ. 02-4065 ADM/AJB, 2005 WL 428587, at * 17 (D. Minn. Feb. 23, 2005) (reviewing IHO order on stay put placement); *Gabel ex rel. L.G. v. Board of Educ. Of Hyde Park Central Sch. Dist.*, 368 F.Supp.2d 313, 325 (S.D.N.Y. 2005) (reviewing hearing officer stay put placement decision), *Warton v. New Fairfield Bd. of Educ.*, 125 F.Supp.2d 22, 26 (D. Conn. 2000) (holding that IHO's interim order is appropriate stay-put placement and granting parents injunction).

[19]    *See R.K. v. Hayward Unified School District*, 2007 WL 174418, at * 2 (N.D. Cal. Jan. 22, 2007) (injunction on stay put first requires exhaustion of administrative remedies); *Comeaux v. The Tangipahoa Parish School Board*, No. CIV. A. 00-2836, 2001 WL 175230, at * 2 (E.D. La. Feb. 20, 2001) (applying exhaustion requirement to request for injunction on stay-put); *but see*, *Murphy v. Arlington Central School Dist. Bd. Of Educ.*, 297 F.3d 195, 199 (2d Cir. 2002) (exhaustion of administrative remedies is excused for stay put placement).  *Arlington Central* does not apply here in the Ninth Circuit.  Moreover, *Arlington Central* is distinguishable because in that case, one due process hearing had already been completed before the district court action had been filed, there was no dispute about the content of the I.E.P. to which stay put could apply, and timeliness of remedy was an important factor.

In this case, in contrast, Mr. Deans is new to the Anchorage School District and has no pre-existing I.E.P. to which a court could apply stay put.  Further, the better approach is that taken by the *R.K.* court:  "The Court finds that the OAH is thus the appropriate forum in which to seek a stay put order."  2007 WL 174418, at 3.  Here, if Mr. Deans' stay put argument had merit, he could have presented to the Independent Hearing Officer who had been appointed in this case, and who could have immediately ordered the District to implement stay put.  Instead, Mr. Deans never appeared before the hearing officer.  Timeliness of remedy is not an issue here because Mr. Deans himself, not the hearing officer, is responsible for any delay.

administrative remedies.  As described in the District Defendants' Opening Brief and below, Deans spurned the IDEA administrative process.

2.    Mr. Deans Claims are Otherwise Subject to Exhaustion.

Mr. Deans' Verified Motion contains causes of action that are entirely premised on the Defendants' alleged failure to comply with the requirements of the IDEA. Those allegations encompass more than the request for an injunction as well.  Mr. Deans wants the Court to rule that he is eligible for services under the IDEA.  His Verified Motion makes clear that he wants the Judge to order services until age 26 for "failing" to provide a transition under the IDEA.  Deans also wants Court approval of a unilateral private placement and reimbursement for that placement.  The need for exhaustion of administrative remedies here is compelling.  Mr. Deans' complaints all arise out of his eligibility for special education services and the nature of any special education services to be provided to Mr. Deans under the IDEA.

As such, the exhaustion requirement would be plainly applicable.  Instead of properly submitting to that process, Mr. Deans voluntarily chose not to exhaust administrative remedies.  It cannot be said that any of the alleged injuries could not have been addressed to "some degree" under the IDEA's administrative procedures and remedies. Given the allegations (by Deans' count 100) contained in the Verified Motion, the issues of FAPE and of IDEA procedural deficiencies claimed by Deans would have given the hearing officer the opportunity to determine a stay put placement, the opportunity to fully explore the allegations of denial of FAPE, the opportunity to develop a factual record and would have promoted judicial efficiency.  Instead Mr. Deans rejected the administrative process,

failed to exhaust his administrative remedies, and improperly proceeded to Court. Accordingly, the Verified Motion should be dismissed.

## III.    CONCLUSION

The Plaintiff opposes the District Defendants' Motion to Dismiss based upon his belief that the Defendants are required to provide specific answers to each allegation supported by substantial evidence. He also appears to oppose the Motion by reasserting that exhaustion of administrative remedies is futile. Mr. Deans' preferences concerning the District Defendants' pre-answer motion does not serve as a basis for denying the Defendants' Motion. Clearly, such a motion is contemplated by the Federal Rules of Civil Procedure, and the District Defendants properly moved for dismissal pursuant to those rules.

More importantly, the requirement to exhaust administrative remedies clearly applies in this case. The text of the IDEA sweeps within the ambit of administrative proceedings <u>any</u> disagreements concerning educational placement –including disagreements regarding stay put placement. Other courts have applied the exhaustion requirement to stay put placement disputes, and to the extent that any Court has found exhaustion to be futile in this context it is for reasons that are clearly not attendant to this lawsuit. Finally, Mr. Deans seeks more than an injunction. He asks this Court to determine his underlying claim regarding eligibility for services under the IDEA, to extend such services to him until age 26, and to reimburse him for a unilateral private placement he believes is appropriate. Such claims are also subject to the exhaustion requirement.

In summary, all of these injuries alleged by Deans, including those related to any stay put placement, can be redressed in some measure by the IDEA. As a result, the District

Defendants' motion should be granted and the Verified Motion against District Defendants Jerry Sjolander, Cindy Anderson, Cheryl Guyett, Julye Neel, James Aronow, Kristin Shank, and Debi Wilson should be dismissed.

DATED at Anchorage, Alaska this 2nd day of February, 2007

JERMAIN, DUNNAGAN & OWENS, P.C.
Attorneys for, Jerry Sjolander, Cindy Anderson, Cheryl Guyett, James Aronow, Julye Neel, Kristin Shank and Debi Wilson.

By:___/s/ Raymond E. Goad, Jr._____
Bradley D. Owens
Alaska Bar No. 7610122

Raymond E. Goad, Jr.
Alaska Bar No. 0111062

Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503
Tel: (907) 563-8844
Fax: (907) 563-7322

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies that on this 3rd day of February, 2007, a true and correct copy of *Memorandum Supporting Motion to Dismiss District Defendants* was served on:

Lewis King Deans
310 West 76th Ave., Apt.  E
Anchorage, AK 99518

by first class mail, if an address is indicated above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

*/s/Raymond E. Goad, Jr.*_____
Raymond E. Goad, Jr.
3227.1212/142670