October 27, 2005
Page 2

Exhibit ①

RECEIVED MAR 14 2007 CLERK, U.S. DISTRICT COURT ANCHORAGE

On August 15, 2005, L.D., a student new to the District and to the state of Alaska, attempted to pre-register for classes at Dimond High School. L.D. is nineteen years old, having the same rights and obligations of a parent under the disability AS 14.30.193. While some pre-registration documents were completed on August 15, pre-registration could not be finalized as L.D. did not have proof of residence. L.D. did indicate, however, that he was eligible for special education services. He was referred to Barb Dexter with the ASD Child in Transition Program.

On or about August 19, Barb Dexter arranged for and accompanied L.D. to a meeting with ASD Teacher Consultant Kris Selman, Secondary Special Education. The group reviewed special education records that L.D. claimed verified his special education certification. At that point in time, Ms. Selman did not realize she was being presented with incomplete records relative to L.D.'s claim of special education certification. Having obtained proof of residency, L.D. returned to Dimond and completed pre-registration for the 05-06 school year.

Debbi Wilson, Dimond High School Psychologist, reviewed the paperwork from L.D. and recognized the records were incomplete. On August 22, 2005, Ms. Selman called L.D. to request a meeting with the Dimond team on August 23. At the request of Ms. Felicia King, parent, the meeting was rescheduled to August 24. The purpose of the meeting was to determine how to meet L.D.'s needs in light of the incomplete documentation currently available to them. At that time, the team had excerpts from an expired 1999 IEP and excerpts from an old evaluation. There was no clear timeline of L.D.'s academic life between 1999 and the present date. In calling to reschedule the meeting, the parent mentioned the Dr. Leach report, indicating that the Burlington School District had ignored L.D.'s special education eligibility and that the family was involved in litigation in Vermont.

The District must evaluate a student prior to the development of an IEP or base that IEP on a current evaluation. An IEP must be in effect before special education services are provided to a student. 34 C.F.R. 300.342(b)(1)(i) and (ii). Additionally, schools are not required to adopt the most recent IEP prepared by a school district in another state. *Michael C. v. Radnor Township Sch. Dist.*, 31 IDELR 184 (3rd Cir. 2000), *cert. den.*, 531 U.S. 813 (2000). While a transfer IEP can be implemented with the parent's agreement and if it is appropriate, the District determined that implementation of a six-year old IEP was not appropriate.

On August 24, 2005, the Dimond team met with L.D. and his parent. Due to the inconsistencies in the paperwork, the team recommended further evaluation instead of accepting the significantly out of date partial IEP. During the discussion, L.D. and the parent alleged that the Burlington School District had placed L.D. on an "illegal 504" and