October 27, 2005
Page 5

may include access to study skills classes and modifications and accommodations necessary for L.D. to access the general curriculum. The letter offered evaluation to determine if L.D. was eligible to receive special education services. Finally, the letter indicated the need for additional documentation from a hearing officer or court orders indicating that L.D. was in stay put and the terms of such stay put placement.

On or about September 20, 2005, L.D. and his parent wrote back providing documentation of a dismissal of the due process they had filed against the Burlington School District and the initiation of a federal district court case. No documentation of an order indicating that L.D. is in stay put was provided. It was difficult to determine whether L.D. and his parent were still opposed to further evaluation by ASD for the purpose of determining whether L.D. is eligible for special education services.

On September 27, 2005, Ms. Anderson responded to L.D. and his parent, indicating that the documentation provided did not establish that L.D. was a student in a stay put placement and again reiterated the three options outlined in the September 12th letter. Director Anderson requested that Ms. Selman attempt to schedule a meeting with L.D. and his parent to determine whether they would or would not provide consent for a special education evaluation to occur. Attempts to schedule the meeting were ongoing at the time of the due process request.

4.  **Willingness to Engage in Mediation under § 1415(e):** The School District has previously indicated that it is not willing to engage in mediation at this time. No actions to evaluate L.D. for special education services, or to serve him under 504 in the interim, can be undertaken without his presence at school and a consent for evaluation. In rejecting mediation, the District does not intend to deny or delay the parent or student's rights to a due process hearing or any other rights under the law. Nor does the District foreclose mediation as a future option should L.D. or his parent provide additional information that leads the District to believe mediation may be successful.

5.  **Resolution Session**: The School District is required to convene a resolution meeting. The purpose of this meeting is to discuss the complaint and facts so that the District has an opportunity to resolve the complaint.

The meeting must be attended by L.D., Ms. King, and relevant members of the IEP team who have specific knowledge of the facts identified in the complaint. The District representative in attendance who has decision-making authority on behalf of the District will be Cindy Anderson, Director of Secondary Special Education. Additionally, the District may have in attendance Kris Selman, Teacher Consultant and Jim Aronow, Dimond Special Education Department Chair. You may bring an attorney. If you plan to do this, please advise the Special Education Office at 742-4236 so the District can decide