

U.S. DISTRICT COURT

DISTRICT OF ALASKA

DEANS et al Anchorage School district, et al. SEA ET.AL                3:05-cv-283

## SUBSTANTIATED EVIDENTIAL MOTION TO OBJECTION OF MOTION MEMORANDUM SUPPORTING MOTION TO DISMISS BY DEFENDANTS.

PLAINTIFF SUBMITS EVIDENCE TO SUBSTANTIATE OBJECTION OF MOTION AND SUBMISSON AND RE-SUBMISSION OF EXHIBITS WITH MOTION OF SUBMISSION.

PROVING FAILURES IN PRIOR WRITTEN NOTICES.

1. I MOTION THE COURT TO TAKE JUDICIAL NOTICE THAT VERIFICATION OF SUMMARY JUDGEMENT PRESENTED BY PLAINTIFFS REQUIRE EACH SPECIFIC MATERIAL FACT TO BE ANSWERED, GENERALIZATIONS ARE MOOT.

I MOTION THE COURT TO TAKE JUDICIAL NOTICE IF DEFENDANTS KNOW THEIR DEFENSE HAVE MERIT THE VERIFICATION MOTION OF SUMMARY JUDGEMENT WOULD NOT PRESENT ANY PROBLEM OR DIFFICULTY WITH MILLIONS OF DOLLARS AND SEVERAL ATTORNEY'S ON THE CASE. THEREFORE ALL SPECIFIC MATERIAL FACTS IF DENIED - WOULD HAVE BEEN SUBSTANITIATED WITH EVIDENCE. BY NOW. AS TRAINED ATTORNEYS THEIR TIME HAVE ELAPSED!ALSO DIMAOND HIGH SCHOOL PERSONEL KNOW HOW TO GO TO THEIR UNION WHEN THEY WANT A RAISE OR BENEFITS, SO THEIR VIOLATIONS OF MY INDIVIDUAL DISABILTIES EDUCATION, ACT RIGHTS WILL NOT BE TOLERATED BY EXCUSES OF THAT IS WHAT THE DISTRICT TOLD ME TO DO. THEY DID IT ON THEIR OWN, ALSO THEY HAD THE UNION AT THEIR DISPOSAL
THE LEGAL ARGUMENT OF NO PRE-EXISTING IEP CONTRIDICTS THE LAW FIRM LETTER WHICH GIVES POST- PRIOR WRITTEN NOTICE AND ACKNOWLEDGES IEP IN OCT 27, 2005 LETTER. THEREFORE STRIKE ARGUMENT OF NO PRE-EXISTING IEP, IT IS A USELESS ARGUMENTI MOTION THE COURT TO TAKE JUDICIAL NOTICE, THAT EXHAUSTION OF REMEDIES IS NOT A HAMSTER ON A FERRIS WHEEL CONCEPT. AND

1

DO NOT GIVE DEFENDANTS RIGHTS TO IGNORE STAY-PUT. ESPECIALLY WHEN THEY HAVE CONSTANTLY AND CONSISTENTLY DISAGREED WITH THEMSELVES WHILE MY FUTURE IS AT STAKE, THEY CONTRADICT THEMSELVES OVER AND OVER AGAIN. THE LAWFIRM CONTRADICTS ITSELF, CINDY ANDERSON, CONTRADICTING , THE LAWFIRM, CINDY ANDERSON CONTRADICTING DIMOND HIGH SCHOOL OFFICIALS. CINDY ANDERSON CONTRADICTING HER SELF, SUPERINTENDANT CONTRADICTING BY WRITING POST- PRIOR WRITTEN NOTICES A YEAR AND SEVERAL MONTHS LATER, SEA OFFICIALS LETTER OF OCT 17, 2005 ACKNOWLEDGING IEP. MY MOTHER AND I STILL DISAGREEING WITH ALL THE DISAGREEING <u>WITH AN IEP IN OUR HANDS</u>. AND A <u>SPECIALLY DESIGNED INSTRUCTION, IN MOST RECENT EVALUATION,</u> AND A <u>FEDERAL</u> <u>COURT DOCUMENT GIVING ME PERMISSON TO REOPEN VERMONT CASE TO INSURE,</u> <u>MY EDUCATIONAL RIGHTS WILL BE CONTINUED IF NECESSARY IN ALASKA DISTRICT</u> <u>COURTS.</u> THEREFORE ANY CASE LAW PRETENDING TO SUBSTANTIATE IGNORING OR CHALLENGING THE STAY-PUT PROVISION BY DEFENDANTS IS INADMISSIBLE -UNLESS IT CONTAINS SCHOOL DISTRICTS SPECIAL EDUCATION OFFICIALS DISAGREEING WITH THEMSELVES, LAWFIRMS IN DISAGREEMENT AND CONTRADICTION, WITH ITSELF WHILE REPRESENTING SCHOOL OFFICIALS AND THE SPECIAL EDUCATION SCHOOL OFFICIAL CONTRADICTING HERSELF , AND HIGHSCHOOL OFFICIALS , WHO ARE IIN CONTRADICTION WITH SCHOOL DISTRICTS AND ALL IN CONTRADICTION WITH THE ATTORNEY'S REPRESENTING THEM . AND THE ATTORNEY'S REPRESENTING THEM IS IN CONFLICT AND CONTRADICTION WITH THEMSELVES AND THE SEA OFFICIALS . THEREFORE ALL CASELAW GIVEN BY DEFENDANTS IS MOOT AS IT HAS NO BEARING ON THIS CASE AND CRUMBLES UNDER CONTRADICTORY, CONFLICTUAL DEFENSES BY THE DEFENDANTS AND THEIR ATTORNEY IN CONSTANT DISAGREEMENT WITH THEMSELVES AND EACH OTHER.. THUS IT CANNOT EVEN BEGIN TO CHALLENGE 1415(E)(3) Stay Put Provision,

    DEFENDANTS FIRST MUST OVERCOME THE SEVERE AND MULTIPLE INCONSISTENCIES IN ITS OWN DEFENSE. STRATEGY!

2. **FAILURE OF PRIOR WRITTEN NOTICES - POST AND AFTER THE ACTION IS NOT PRIOR. SO IT FAILS ON ITS FACE, BUT STANDS AS REASONABLE PROOF OF KNOWLEDGE OF ELIGBILITY.**

Prior means prior not after or post. Prior written notice issuance should have been issued in Aug. 2005 before Sept.2005 Unilateral action by Cindy Anderson, not after the action in Oct 2005 well after school started, then to give a delayed and null and void prior written notice- therefore acknowledging idea eligibility. While violating Prior Written notice time frame. and requirements (1) (2) (3) (4) (5) (6) (7) to be included in prior written notice.. However, it is an acknowledgement of idea eligibilty where the law says implement the existing IEP or develop an interim IEP is the law. NOT 504. AS OCT 27, 2005 LETTER FROM ATTORNEY INSIST ON. *1415(e))(3)) school district and officials can not escape the presumptive effect of the stay put provision simply by violating it and forcing parents to petition for relief. The burden clearly rest with the school district to demonstrate that the educational status quo must be altered 11 see n. 8 supra.*

In addressing the exhaustion of administrative remedies the oct 27th letter by attorney also states in number 4 that, school district as of oct 27th was not willing to engage in mediation they also insisted on an evaluation before services, when an IEP AKA eligibility is acknowledged in same letter. So interim IEP is proper but yet attorney and district insisted on services under a 504 in the same letter stating IEP existence.

Four evaluations is not needed

3

IEP Substance is extremely significant as proof by existence that I Lewis King Deans who by reason thereof needs special education and related services and supplementary services..

Schools do not have a choice to throw an IEP away for a 504 especially when an updated independent evaluation exists sec. 300502(c) (1) (2) parent initiated evaluations, which cites specially designed instruction, as well as previous school evaluation citing 504 or specially designed instruction, which I was already eligible for both. Also in Sept 12, 2005 letter, Cindy Anderson said she did not consider me a special ed. Because of a non-substantiated decertification. YET

Oct 27th 2005 District's lawyer gave an inadequate prior written notice admitting special education, proving internal disagreement again , as stated in summary judgment which leads to my last legal aggreement of eligibility..

Cindy anderson also contradicts herself requesting a brief academic evaluation in her sept 12th 2005 letter because in truth she knows an evaluation comes before she can propose or change anything. I have my own academic evaluation from sylvan learning center which I paid for. Also in the same letter of sept. 12th 2005 Cindy Anderson cites a decertification( which is an admission that status of eligibility existed) then without substantiated evidence required under 1400, which would be a legal agreement contrary to the last legal agrreement which is IDEA eligibility, a requirement of signatures of all parties Sea Lea ,Lewis king Deans with evaluation proving ineligiblity. CINDY HAS NOT PRODUCED THIS SUBSTANTIATION.

*school district and officials can not escape the presumptive effect of the stay put provision simply by violating it and forcing parents to petition for relief. The burden*

4

*clearly rest with the school district to demonstrate that the educational status quo must be altered 11 see n. 8 supra.*

Therefore Cindy Anderson has no legal standing, and contradicts herself. She also contradicts her Attorney who cites IEP being old in Oct 27, 2005 letter, with *no mention of decertification..* Which is another internal disagreement between defendents and their attorney. Which leads to my last legal agreement of IDEA eligibility. Eligibilty, OLD OR NEW MEANS 1415(e)(3) has Legal Standing on its own merit. And is not a part of the due process which governs implementation and mode of operation of the IEP. AS THE DEFENSE ATTORNEY WRONGLY IMPLIES IN HIS MOTION OF ALLEGED SUBSTANTIATION..

Feb 2007 Motion in which defendants attorneys states no pre-existing IEP to base stay put provision on, which again contradicts AND IS CONTRARY to previous Oct 27, 2005 letter giving prior written notice and acknowledging IEP as being old. However my IEP was used in High School ninth grade. Also if it was used in second grade, old does not mean ineligibility. Defense Attorney also mixes procedural breaches with exhaustion of Administrative Remedies, which Stay-put is based on Supreme Court case Law and is automatic, so it is a serious proceduaral breach. That for practical and legal purposes makes exhaustion of administrative remedies futile. *Thus Defense attorney substantiates Plaintiff's futility exception to Exhaustion of Administrative Remedies futility, by contrary evidence of Attorney's first acknowledging IEP in Oct. 2005, then denying Pre-existing IEP. In Motion of February., 2007. Also Proceedurals protections are necessary to give some level of legal equity to parents when protecting educational rights and <u>can not</u>*

5

*stymied by substituting internal disagreements and numerous inconsistencies multiplied by conflictional claims , By school officials within themselves and their attorneys within themselves all conflicting each other , then telling someone to jump on the ferris wheel while they do it, to meet their definition of Exhaustion of Administrative remedies.*

I filed for due Process because fape was not being implemented in timely manner, while the defendants all conflicted each other

ADMINISTRATIVE REMEDIES HOWEVER WAS EXHAUSTED BY COMPLAINING TO THE STATE DEPT OF EDUCATION AS EARLY AS SEPT 21, 2005.
IN WHICH THE STATE VIOLATED 300.661(A) SINCE IT WAS FILED Sept 21 and 23, 2005 AND FINISHED DEC. 5, 2005 BEYOND 60 DAY LIMIT VIOLATED (C)(1) ALSO BY NOT SETTING ASIDE RIGHT TO FAPE, FREE AND APPROPRIATE EDUCATION WHICH WAS FILED IN DUE PROCESS, AND IS NOT THE SAME ISSUE AS A SERIOUS PROCEDURAL BREACH FILED BY ADMINISTRATIVE COMPLAINT. INVLOVING STAY PUT PROVISON., SINCE DIMOND HIGH SCHOOL SPECIAL ED TEAM AND TEACHER CONSULTANT , SEA, AND DEFENDANTS LAWYERS ALREADY ACKNOWLEDGED 1400 ELIGIBILITY BY PRIOR WRITTEN NOTICES AND LETTERS. THE DELAYED PRIOR WRITTEN NOTICE BY DEFENDANTS ATTORNEY ALSO AC KNOWLEDGED IEP IN OCT 27,2005 letter. THEREFORE 1400 ELIGIBILITY WAS NOT AN ISSUE. PROVIDING FAPE, AND OR REIMBURSEMENT IN A TIMELY MANNER WAS AND DOCUMENTED .IN THE DUE PROCESS COMPLAINT . THE ISSUE OF THE

6

ADMINSTRATIVE COMPLAINT WAS THE ISSUE OF THE PROCEDURAL BREACH OF THE STAY PUT PROVISION. THE ISSUES SHOULD HAVE BEEN SEPARATED BY INVESTIGATOR D. BROWN,, AND SHOULD HAVE NOT TAKEN CLOSE TO 90 DAYS TO RESPOND BY LETTER.

WHERE AS ONE IS 20 U.S.C. §1414(d)(1)(A) PROVISON OF FAPE AND THE OTHER IS 20 U. S.C. 1415 (e)(3) WHICH COMES BEFORE DUE PROCESS AFTER IT IS FILED AND IS PROCEDURAL SAFEGUARDS . BROAD BRUSHING TWO SEPARATE MERITED ISSUES AND MAKING THEM ONE AS TO CLAIM SAME ISSUES , DOES NOT NEGATE THE FACT THAT ALL ADMINISTRATIVE REMEDIES WERE EXHAUSTED, BY THE FILING OF BOTH DUE PROCESS AND ADMINISTRATIVE COMPLAINT. DEFENDANTS ATTEMPED TO IMPEAD EXHAUSTION, WHILE OCCURING INCONSISTENCIES AND CONFLICTS WITHIN THEMSELVES SIMULTANEOUSLY VIOLATING PROCEDURAL BREACHES.

ATTORNEY FOR DEFENDANTS ADMITTED TO VIOLATING PRIOR WRITTEN NOTICE1415(3)(A)(B)(C)(E)(F)(G)(H)(I)(J)(K)(L)(M) MANDATORY REQUIREMENTS ABOUT NOTICE. BY INADEQUATE AND UNTIMELY PRIOR WRITTEN NOTICE ALSO REPEATS AS NUMBER 3. PLAINTIFF FILED DUE PROCESS ON FAILURE TO PROVIDE FAPE IN A TIMELY MANNER- THUS PROVING THAT WAS THE DUE PROCESS COMPLAINT.

IN OCT. 27.,2005 LETTER EXHIBIT Q1

ATTORNEY FOR DEFENDANTS ACKNOWLEDGEMENT OF IEP STATING MUST BE IN EFFECT BEFORE SPECIAL EDUCATION AND IF PARENT AGREE, IEP CAN BE IMPLEMENTED. ALSO STATES DISTRICT DETERMINED IEP TO BE SIX YEARS OLD.

EXHIBIT Q 2 WHICH CONTRADICTS MOTION FILED FEB 2007 STATING

NO PRE-EXISTING IEP

EXHIBIT Q2

7

ALSO LEA DEFENDANTS LAWYER ADMITTED TO REFUSAL OF 1415(5)(e) ON MEDIATION EXHIBIT Q 5

CINDY ANDERSON LETTER WHICH CONFLICTS HERSELF AND CONTRADICTS EXHIBIT Q2 ATTORNEY LETTER CITING IEP SIX YEARS OLD. WITHOUT MENTION OF THE WORD DECERTIFICATION. EXHIBIT L EXPOSES THE NON-SUBSTANTIATED DECERTIFICATION NONSENSE. EXHIBIT L

PLAINTIFF LETTER, SAYING STAY PUT PROVISION IS BEING OVERLOOKED ALONG WITH IEP, NEUROSPYCH, EVALUATION, AND LAST LEGAL AGREEMENT AND THE 10 HOURS OF SPECIAL ED SERVICES LEA INTIALLY PROMISED .EXHIBIT SL2 AS STATE ADMINISTRATIVE COMPLAINT

PLAINTIFFS

OCT 4, 2005 DUE PROCESS COMPLAINT EXHIBIT M FIRST PARAGRAPH STATES BREACHED PROVIDING FAPE IN TIMELY MANNER. EXHIBIT M
WHICH THE ATTORNEY FOR THE DEFENDANTS Q1 EXHIBIT CONFIRMS, THEREFORE PROVING STATE ADMNISTRATIVE COMPLAINT EXHIBIT SL 2 AND DUE PROCESS COMPLAINT EXHIBIT M WAS PROPERLY FILED, AS SEPARATE ISSUES. AND THAT STATE FAILED IN ITS DUTY THUS ALLOWED PROCEDURAL BREACHES OF STAY PUT TO OCCUR THAT MADE EXHAUSTION OF ADMINISTRATIVE REMEDIES FUTILE.

EXHIBIT K-SHOWS D. BROWN THE SEA INVESTIGATOR'S RESPONSE ON DEC 5, 2005, BUT PLAINTIFFS DID NOT RECEIVE ANYTHING UNTIL DEC 13, 2005 IN EITHER CASE IT WAS BEYOND 60 DAYS AND MORE TOWARDS 90
WHICH AUTOMATICALLY VIOLATES ADMINISTRATIVE COMPLAINT SEA OBLIGATIONS . ALSO STATE FAILED TO SET ASIDE FAPE IN TIMELY MANNER AND DEAL WITH THE PROCEDURAL BREACH OF THE STAY-PUT, TREATING THEM

8

**CALLOUSLY AND CARELESSLY AS ONE ISSUE. WHETHER INTENTIONAL OR NOT. REFUSING TO SET ASIDE THE ISSUE OF FAPE AND ALLOWING PROCEDURAL BREACH UNDER PROCEDURAL SAFEGUARDS- THUS STATE SEA VIOLATED 300 .661(A)(B) AND <u>FAILED TO PROVIDE PRIOR WRITTEN NOTICE AS TO THE REFUSAL OF OBLIGATIONS TO CORRECTIVE ACTION , OF LEA. ALSO SEA NEVER GAVE PRIOR WRITTEN NOTICE DENYING MY ELIGIBILITY UNDER RIGHTS TO 1400 WHICH INCLUDES 1415(E)(3)</u> .**

*THEREFORE THE NEGLIENCE LIES WITH THE STATE EDUCATIONAL AGENCY, WHICH MADE EXHAUSTION OF ADMINISTRATIVE REMEDIES FUTILE BY BREACH IN DUTY, PROCESS, AND PROCEEDURES. OVERALL NEGLECTFUL AVOIDANCE AND EVASION OF STATE EDUCATIONAL DUTY OF 303.170(a) (b)(1)(2)PROCEDURAL SAFEGUARDS. THEY ALLOWED ANCHORAGE SCHOOL DISTRICT TO FLOUT LAWS AND ARE HIGHLY ACCOUNTABLE FOR ALMOST 2 VITAL YEARS OF EDUCATION BEING LOST, WITH THEIR FLAGRANT LACKADASICAL UNCONCERN OF TRASHING TIME, RIGHTS, NEEDS, NECESSITIES OF MY RIGHTS TO SUPPORTS WHILE BEING ON THE AUTISMIC SPECTRUM, THIS IS A LEVEL OF CRUEL INDIFFERENCE THAT NO ONE SHOULD BE DISMISSED FROM. THEY SIGNED ON TO DO A DUTY, NOT TO COLLECT MONEY WHILE A DISABLED YOUTH LIKE MYSELF LIFE IS BEING TRASHED, AND SWEPT UNDER THE RUG OF INDIFFERENCE AND INHUMANITY.*

*ALSO STATE DEFENDANTS ATTORNEY FAILED TO FILE A SEPARATE DOCUMENT IN SUPPORTOF MEMORANDUM IN SUPPORT OF DISMISS MOTION . TRAINED ATTORNEYS ALREADY HAVE CONSTITUTIONAL IMPLIED ADVANTAGE THEREFORE DISMISSAL OF STATE DEFENDANTS SHOULD BE DENIED, AS STATE DEFENDANTS ATTORNEY OVERRIDED LEGAL STEP PROCEDURE WITH FULL LEGAL TRAINING TO FURTHER DISADVANTAGED DISABLED PLAINTIFF THEREFORE DISMISSAL OF STATE DEFENDANTS BASED ON THAT FACT ALONE MUST BE DENIED! ALSO THEY CANNOT BE SEPARATED SINCE THEY ARE PAID AND ASSIGNED AS THE ENFORCING AUTHORITY*

*WITHIN THE STATE. THEY ARE ACCOUNTABLE AS THEY DISTRIBUTE MONEY TO LEA, IN CONTRACTUAL OBLIGATIONS, TO IDEA STUDENTS.*

*THIS IS PROOF THAT NO MATTER HOW MUCH MONEY IS PAID BY TAX PAYERS TOWARDS EDUCATION, IT WOULD NEVER BE ENOUGH TO COVER THE COST OF THE INHUMANE OFFICIALS WHO IN THEIR SELF GRANDISEMENT FEEL THEIR RIGHT TO DETACH THE MONEY FROM LAWS AND REGULATIONS, WHICH AMOUNTS TO STEALING TAX PAYERS MONEY, BY BREACHING FEDERAL CONTRACTS. THEN THEY ATTEMPT TO COVER IT UP WITH SANDY MOTIONS TO BE DISMISSED. THEY WANT THE REWARDS OF DISMISSAL AFTER INHUMANE TREATMENT OF DENYING A VUNERABLE YOUTH LIKE ME MY EDUCATIONAL RIGHS WHICH ALSO DENIES ME ANY KIND OF FUTURE. , WHICH MEANS THEY FEEL I HAVE NO ENDOWMENTS GIVEN BY MY CREATOR. SO I AM ONLY FIT FOR THEM TO DESTROY ME, FOR NO PROBABLE CAUSE.*

*SO WHAT ARE THEY? PAID ASSASSINS TO DESTROY THE VUNERABLE AND DISABLED UNSING TAX PAYERS MONEY TO DO IT?*

*THE VERIFICATION OF SUMMARY JUDGEMENT IS SUNLIGHT, AND THEY ARE DUCKING FROM IT AN THROWING SAND, AS TRAINED ATTORNEYS THEY SHOULD KNOW THEY LOST! IF THEY THINK THEY COULD COVER IT WITH SANDY MOTIONS. SAND CAN NEVER COVER SUNLIGHT. IT CAN ONLY BE ECLISPED BY FACTUAL TRUTH, NOT OPINIONS UNSUBTANTIATED THEN CALLING THE MOTIONS SO NO ACCOUNTABILITY IS DO TO ANYONE FOR STEALING MY RIGHTS TO MY AMERICAN CITIZENSHIP ENTITLEMENT.*

*I MOTION THE COURT TO TAKE JUDICIAL NOTICE, THAT IN TRYING TO PROTECT MY FUTURE AND EDUCATIONAL RIGHTS I AM DISADVANTAGED BY DISABILITIES AND NO LEGAL TRAINING AND I AM REQUESTING ANY ENLARGEMENT TO FILE MOTIONS, AND ASKING FOR CONSTITUTIONAL PROTECTIONS OF PRO'SE LITIGANTS EXCUSAL*

10

FROM TECHNICAL ERRORS TRAINED ATTORNEYS ARE SUBJECT TO FOLLOW. UNTIL ATTORNEY TAKES UP CASE, ON MORE THEN CONSULTING BASIS.

SINCE DEFENDANTS WITH MILLIONS AND SECRETARIES, AND TRAINED GROUPS OF ATTORNEY, AND THE POWERFUL STATE AND STATE OFFICIALS HAVE ALL THE LEGAL AND MONETARY AND SUPPORT ADVANTAGES IN THE WORLD, AND DID NOT ANSWER VERIFICATION OF SUMMARY JUDGEMENT MOTION IN A TIMELY MANNER WITH MILLIONS OF DOLLARS OF ARSENAL AT THEIR DISPOSAL. THAT I BE ALLOWED ENLARGEMENTS TO RESPOND, TO THEIR SANDY MOTIONS. AS I FEEL THE STATE ATTORNEY GENERAL'S OFFICE SHOULD BE PROTECTING MY RIGHTS, NOT ASSISTING IN THE DESTRUCTION OF INALIENABLE RIGHTS. . BUT SHOULD CORRECT BOTH THE SEA, AND LEA, AND NOT USE THE STATE ARSENAL TO DEPRIVE A DISABLED CITIZEN OF THE U.S. AND STATE, RIGHTS, FOR NO PROBABLE CAUSE,. UNLESS WANTING AN EDUCATION HAS BECOME A CRIME, THAT ONLY THE DISABLED AND POOR IS PERSECUTED FOR.

THIS IS TO CERTIFIED TRUE COPIES WE MAILED TO

BRADLEY D. OWENS

JERMAIN DUNNAGAN &OWENS, P.C.

3000 A STREET SUITE 300

ANCHORAGE, AK 99503

STATE OF ALASKA

STEPHEN C. SLOTNICK

DEPT OF LAW

P.O.BOX 110300

JUNEAU, ALASKA 99811-0311

11