IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

LEWIS DEANS,

       Plaintiff,

vs.

ANCHORAGE SCHOOL DISTRICT,
et al.,

       Defendants.

Case No. 3:06-cv-00126-TMB

ORDER OF DISMISSAL

On December 2, 2005, Lewis Deans King, representing himself, filed a civil complaint claiming that he was denied his rights to certain educational benefits based upon his disability.[1]  The defendants have now moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the grounds that, *inter alia*, he failed to exhaust his administrative remedies as required by the Individuals with Disabilities Education Act  (IDEA).[2]  Mr. Deans has opposed the motions, and the defendants

----

[1]  *See* Docket No. 2; *see also* 20 U.S.C. § 1415(m)(1) ("when a child with a disability reaches the age of majority ... all other rights accorded to parents under this subchapter transfer to the child.").

[2]  *See* Docket Nos. 37, 39, 41; *see also* 20 U.S.C. § 1400, *et seq.*

have filed their replies.[3]  The motions are now ripe for consideration, and because this case must be dismissed for failure to exhaust, leaving the Court without jurisdiction, the Court will not address other possible bases for dismissal.

<u>Dismissal Under Rule 12(b)(6)</u>

Ninth Circuit precedent holds that "the federal courts may not dismiss a complaint unless 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"[4]  Under Rule 12(b)(6), the Court must determine, "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."[5]  Further, in conducting its review of a self-represented plaintiff's pleadings, the Court is mindful that it must liberally construe the complaint, and give the plaintiff the benefit of any doubt.[6]

---

[3]  *See* Docket Nos. 44, 49, 50.

[4]  *Davel Communications, Inc. v. Qwest Corp.*, 460 F.3d 1075, * (9th Cir. 2006) (quoting *Kwai Fun Wong v. United States*, 373 F.3d 952, 956-57 (9th Cir. 2002) (quoting *Swierkiewicz v. Sorema* N.A., 534 U.S. 506, 514 (2002))).

[5]  *Swartz v. KPMB LLP*, 476 F.3d 756, 763 (9th Cir. 2007), quoting *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003).

[6]  *See Jackson v. Carey*, 353 F.3d 750 (9th Cir. 2003) ("Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers."); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("courts must construe *pro se* pleadings liberally.").

<u>Exhaustion of Administrative Remedies</u>

As a federal court, however, this Court is a court of limited, as opposed to general, jurisdiction; it has authority to hear only specified classes of cases. It is Mr. Deans' burden, as the plaintiff, to show that this Court has jurisdiction to hear the claims.[7] This Court does not have jurisdiction to hear unexhausted claims under the IDEA.[8] In fact, the IDEA categorically requires exhaustion before commencing a federal action,[9] even when the plaintiff also brings an action under the Civil Rights Act,[10]

_____

[7] *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Lowdermilk v. U.S. Bank National Ass'n*, ___ F.3d. ___, 2007 WL 678221 at *3 (9th Cir. March 2, 2007) ("[I]t is well established that the plaintiff is the 'master of her complaint'") (citations omitted); *Hunter v. Kalt*, 66 F.3d 1002, 1005 (9th Cir. 1995).

[8] *See Blanchard v. Morton School Dist.*, 420 F.3d 918, 920-21 (9th Cir. 2005) ("If a plaintiff is required to exhaust administrative remedies but fails to do so, the federal courts do not have jurisdiction to hear the plaintiff's claim."), citing *Witte v. Clark County Sch. Dist.*, 197 F.3d 1271, 1274 (9th Cir. 1999) ("The policy behind the exhaustion requirement is to ensure that educational agencies have the first opportunities to remedy shortcomings in their educational programs for disabled students.").

[9] *See* 20 U.S.C. § 1415(l).

[10] *See Robb v. Bethel School District*, 305 F.3d 1047, 1049-50 (9th Cir. 2002) (affirming dismissal of section 1983 action predicated on a violation of IDEA where plaintiff failed to exhaust administrative remedies, when "the plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies"); *see also M.J. ex rel. G.J. v. Clovis Unified School Dist.*, 2007 WL 1033444 at *8 (E.D.Cal. April 3, 2007) ("before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same

Mr. Deans has filed a response saying that exhaustion would be futile, but he has not explained why he believes this to be true.[11]  Because he bears the burden of proving such futility, simply making a blanket statement that exhaustion would be futile, without more, is not sufficient.[12]  And although the Court of Appeals for the Ninth Circuit does not appear to have addressed the issue of whether one must exhaust claims arising under the IDEA's stay-put provisions,[13] the only court within this Circuit that seems to have addressed this issue in a published opinion found that such exhaustion is required.[14]

_____

extent as would be required had the action been brought under this subchapter."); *but see Gonzaga University v. Doe*, 536 U.S. 273, 280 (2002) ("unless Congress 'speak[s] with a clear voice,' and manifests an 'unambiguous' intent to confer individual rights, federal funding provisions provide no basis for private enforcement by § 1983.") (quoting *Pennhurst State School and Hospital v. Helderman*, 451 U.S. 1, 17, 28 & n. 21 (1981)); *Watson v. Weeks*, 436 F.3d 1152 (9th Cir. 2006) ("'[A]nything short of an unambiguously conferred right' will not support a 1983 action.") (quoting *Gonzaga* at 283).

[11]  *See* Docket No. 44.

[12]  *See Doe By and Through Brockhuis v. Arizona Dept. of Education*, 111 F.3d 678, 681 (9th Cir. 1997) (citing *Hoeft v. Tucson Unified School Dist.*, 967 F.2d 1298, 1303 (9th Cir. 1992)).

[13]  *See* 20 U.S.C. § 1415(j) (IDEA contains a "stay put" provision requiring that, "during the pendency of any proceedings [regarding a parent's or guardian's complaints about an Individualized Education Program (IEP)], unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of such child.").

[14]  *See R.K. ex rel. T.K. v. Hayward Unified School Dist.*, 2007 WL 174418 at *2 (N.D.Cal. Jan. 22, 2007) ("In his reply brief, Plaintiff argued for the first time that this Court should issue an original stay put order under

Furthermore, as pointed out by Mr. Deans and the defendants, there was no up-to-date Individualized Educational Program (IEP) to stay put, since Mr. Deans was new to the Anchorage School District, and the plan that Mr. Deans wants to stay put was decertified in Vermont in May, 2004, before Mr. Deans moved to Anchorage.[15]  According to documentation provided by Mr. Deans, he has refused to be evaluated in order to determine his current educational needs.[16]

---

the IDEA, because the statute authorizes such an order during 'the pendency of *any proceedings* conducted pursuant to [section 1415].' ... Plaintiff's argument fails for several reasons. ... [T]o the extent Plaintiff is seeking action from this Court, pending resolution of the dispute as to where Plaintiff should receive future educational services, Plaintiff is required to first exhaust the administrative procedures.").

[15]  *See* Docket No. 49 at 6; *see also* Docket No. 52-2 (submitted by Mr. Deans, indicating that there was a decertification evaluation in Vermont in May, 2004, which Mr. Deans claims was "illegal" and was being challenged in a federal court in Vermont); No. 52-6 (indicating that the IEP Mr. Deans wished to have "stay put" was implemented in 1999, six years before the initiation of administrative proceedings).

[16]  *See* Docket No. 52-6 & 52-7; *see also, e.g., Andrew B. v. Board of Educ. of Community High School*, 2006 WL 3147719 (N.D.Ill 2006) (Affirming administrative decision in favor of the Board of Education, the court explained: "During the fall semester of Andrew's senior year, the School District notified Andrew and his parents on more than one occasion that a re-evaluation of Andrew's individualized education program needed to be completed by February 2004 in order for the high school to be able to continue providing special education services for Andrew. The School District also explained to both Andrew and his parents in the letters that were sent them that the School District would need written consent from Andrew to perform another comprehensive case study evaluation since he now was over eighteen years-old and his parents no longer were his guardians. When the School District did not receive any response from Andrew or his parents, the chairman of Special Education Department at Downers Grove South High School discussed the re-evaluation with Andrew at school, showed him the consent form, and requested Andrew to

When this lawsuit was filed, the administrative process was still on-going, with Mr. Deans and his mother failing to appear and/or follow through in any way which could make resolution a possibility.[17]  This failure to communicate and/or cooperate was in the face of the District's attempts to have Mr. Deans evaluated so that he could receive services in Anchorage,[18] and to assist him with securing counsel for the administrative process.[19]

Finally, on January 19, 2007, Mr. Deans requested that this Court take "no hasty action" on the January 3, 2007, motions to dismiss because he is consulting with counsel.[20]  However, on April 3, 2006, the Court granted Mr. Deans' request for assistance in securing volunteer counsel, but because Mr. Deans failed to

---

sign it. After discussing this with his father, Andrew declined to sign the consent form.").

[17]  *See* Docket No. 41, exhibits.

[18]  *See* Docket No. 52-2 (9/12/05, letter submitted by Mr. Deans, indicating that the District was willing to evaluate him for services, that the current evaluation would be considered in conjunction with past evaluations submitted by Mr. Deans, and that the District was willing to draft an updated plan for him, which would include access and accommodations as necessary).

[19]  *See* Docket No. 41-10 (2/17/06, letter to Mr. Deans and Ms. King urging them to call the Disability Law Center, giving them a phone number, and specifying the attorney who specializes in special education matters); Docket No. 41-11 (the Disability Law Center staff "attempt[ed] to obtain an information release from [Mr. Deans] to allow DLC to obtain information about the case," and ultimately determined that "they would be unable to represent [him] in this matter.").

[20]  *See* Docket No. 44 at 2.

communicate with the pro bono program, and failed to submit requested paperwork, they were unable to secure counsel for him.[21]  Thus, given that any delay in consulting with counsel has been on Mr. Deans' part, and since over three months have passed since Mr. Deans' request, the Court will delay making a decision in this case no further.

**IT IS THEREFORE ORDERED:**

1.    This action is DISMISSED without prejudice to Mr. Deans fully exhausting his administrative remedies;[22] and

2.    All outstanding motions are MOOT.


DATED this 30th day of April, 2007,  at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS
United States District Judge

---

[21]  *See* Docket Nos. 10, 15 (the Court did not specify the reasons for the inability to secure counsel at the time, so as not to prejudice Mr. Deans in this case); *see also* Docket No. 41-11 (administrative order describing similar delays by Mr. Deans and/or his mother during the administrative process).

[22]  *See* Docket No. 44-11 at 4 (final administrative order stating: "The utter lack of participation by both Parent and Student in this matter, however, leaves me no choice but to order as follows: this matter is hereby dismissed, without prejudice to Student's right to file a new request for hearing on the issues raised by Parent in this matter.").