Bradley D. Owens, Esq.
Raymond E. Goad, Jr., Esq.
Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK  99503
Telephone:  (907) 563-8844
Facsimile:   (907) 563-7322

Attorneys for Jerry Sjolander, Cindy Anderson, Cheryl Guyett,
James Aronow, Julye Neel, Kristin Shank and Debi Wilson.

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| LEWIS KING DEANS,<br><br>  Plaintiff,<br><br>vs.<br><br>ANCHORAGE SCHOOL DISTRICT, et al.,<br><br>  Defendants. | Case No. 3:05-cv-00283-TMB |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S
### MOTION FOR RECONSIDERATION

**I.    INTRODUCTION**

Plaintiff Lewis King Deans improperly moves this Court to reconsider its order dismissing this case without prejudice. The Federal Rules of Civil Procedure do not recognize a "motion to reconsider". In the Ninth Circuit, such a motion is considered a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e)[1]. Rule 59(e) is explicit that such a motion must be filed "no later than 10 days after entry of the judgment."[2]

---

[1]   Fed. R. Civ. Pro. 59(e) states "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

[2]   *Id*.

Opposition to Motion for Reconsideration
*Deans v. Anchorage School District, et al*, Case No. 3:05-cv-00283-TMB                Page 1 of 8
03227.1212/00154728

Plaintiff's motion was filed more than a month after the initial entry of judgment and more than three weeks beyond the amended order of dismissal. Accordingly, Plaintiff's motion is later than the 10-day deadline imposed by Rule 59(e) and should be dismissed as untimely.

Moreover, Plaintiff improperly utilizes Rule 59(e) to restate old arguments that did not prevail in opposition to the defendants' motion to dismiss. Rule 59(e) does not provide Mr. Deans with a second chance simply because it disagrees with the Court's decision on dismissal. In any event, Plaintiff's motion is improper and must be rejected.

## II. PROCEDURAL HISTORY

The procedural history of this case is somewhat convoluted and need not be repeated in its entirety here. Briefly, the Plaintiff sued several defendants, styling his initial pleading as a civil rights complaint, although alleging that he was denied a free and appropriate public education under the Individuals with Disabilities Education Act ("IDEA"). Eventually, and more than a year after filing his initial pleading, Plaintiff served copies of summonses and the initial pleading on certain defendants employed by the Anchorage School District ("District Defendants") and employed by the State of Alaska via the United States Marshal Service in December 2006.[3] The District and State Defendants filed a motion to dismiss for, *inter alia*, failure to exhaust administrative remedies. The Plaintiff opposed the motion to dismiss.

In an order April 30, 2007 the Court held that Plaintiff had failed to exhaust his administrative remedies and dismissed Plaintiff's case without prejudice. The Court entered judgment reflecting the order of dismissal without prejudice the same day. On May 10, 2007, the Court amended its order of dismissal. Instead of availing himself of

---

[3] This case was first filed by plaintiff on December 2, 2005. Subsequent to an order reopening this case, this court dismissed the case on December 6, 2006, eight days before Mr. Deans utilized the U.S. Marshals to attempt service of process on some of the defendants employed by the Anchorage School District.

Opposition to Motion for Reconsideration
*Deans v. Anchorage School District, et al*, Case No. 3:05-cv-00283-TMB   Page 2 of 8
03227.1212/00154728

administrative remedies as contemplated in the Court's order of dismissal, which Plaintiff has not exhausted, the Plaintiff filed this motion for reconsideration on June 6, 2007, outside of the deadline imposed by Fed. R. Civ. P. 59(e). This opposition followed.

The District Defendants oppose Plaintiff's motion for reconsideration on two grounds: 1) the motion is untimely and, as a matter of law, must be dismissed; and 2) Rule 59(e) may not be used to relitigate old matters.

**III.   DISCUSSION**

    **A.   <u>Plaintiff's Motion is Untimely Under Rule 59(e).</u>**

The Federal Rules do not explicitly contain a provision for a "motion for reconsideration." The Ninth Circuit Court of Appeals construes a motion for reconsideration as a motion to alter or amend the judgment under Rule 59(e).[4] In *Scott*, Scott filed his motion for reconsideration after the 10 day time period imposed by Rule 59(e).[5] The Court stated "that time period is jurisdictional and cannot be extended by the court."[6] As Scott's motion was not timely filed, "the district court properly denied Scott's untimely motion."[7] According to Ninth Circuit case law then, Plaintiff's motion here should be rejected if it is untimely, which it is.

Moreover, the reasoning of the Ninth Circuit in construing a motion for reconsideration as a motion under Rule 59(e) finds support in the judgments of the Eighth Circuit.[8] The Eighth Circuit has held that a district court erred in construing a motion to

---

[4]   *Scott v. Younger*, 739 F.2d 1464, 1466-1467 (9th Cir. 1984) (citing *Bestran Corp. v. Eagle Comtronics, Inc.*, 720 F.2d 1019, 1019 (9th Cir. 1983) ("[w]e view Scott's motion for reconsideration as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e)).

[5]   *Id*. at 1467.

[6]   *Id*.

[7]   *Id*.

[8]   It should be noted that same jurisdictions, especially the 10th Circuit, construe which rule a motion to reconsider comes under based on the time the motion is filed (*see Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1992)). If a motion to reconsider is filed within 10 days of final judgment it is construed as a Rule 59(e) motion. If, however, a motion to reconsider is filed after 10 days of

Opposition to Motion for Reconsideration
*Deans v. Anchorage School District, et al*, Case No. 3:05-cv-00283-TMB    Page 3 of 8
03227.1212/00154728

reconsider as a Rule 60(b) motion for relief from a judgment or order instead of as a Rule 59(e) motion.[9] The Eighth Circuit stated:

> "the district court erred in construing Wilson's motion to reconsider as a Rule 60(b) motion. Rule 60(b) provides extraordinary relief. It does not provide a 'safe harbor' for all who exceed the time limits of Rule 59. Instead, '[a] motion can only be considered under Rule 60(b)(1) if it states grounds for relief available under Rule 60.' Here, Wilson's motion alleged no grounds for relief under Rule 60(b). She did not claim the affidavits included with that motion constituted newly discovered evidence, or that her actions constituted excusable neglect. The district court therefore should have dismissed the motion as untimely under Rule 59."[10]

Finally, "[a] motion for reconsideration of a final judgment will generally be construed as a motion under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment if the motion does not cite a specific federal rule."[11]

Plaintiff's motion is clearly a Rule 59(e) motion. First, Plaintiff's motion states no grounds for relief under Rule 60(b). Plaintiff does not allege that there is newly discovered evidence, that the judgment is void, or that any fraud, mistake or excusable neglect has occurred in this case. Accordingly, Plaintiff's motion cannot be considered a Rule 60(b) motion.

Moreover, Plaintiff does not cite a specific rule in his motion. The motion is seeking to alter or amend the judgment by having a dismissed lawsuit reinstated by the Court. The motion fits the language of Rule 59 and should be viewed as a Rule 59 motion. The nature

---

final judgment the motion is construed as a Rule 60(b) motion. This automatic distinction based on filing time, however, does not comport with the Ninth Circuit labeling a motion to reconsider a Rule 59(e) motion, and then upholding a district court's dismissal of the motion for being untimely. It also does not conform with the reasoning of the Eighth Circuit which support the Ninth Circuit's approach.

[9]    *Wilson v. Runyon*, 981 F.2d 987, 989 (8th Cir. 1992).

[10]   *Id.* (internal citations omitted).

[11]   *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F.Supp. 522, 524 (E.D. Pa. 1992)(citing *Koshatka v. Philadelphia Newspapers, Inc.*, 762 F.2d 329, 333 (3d Cir.1985)).

Opposition to Motion for Reconsideration
*Deans v. Anchorage School District, et al*, Case No. 3:05-cv-00283-TMB                    Page 4 of 8
03227.1212/00154728

of the motion also gives clear guidance this motion comes under Rule 59(e).  By petitioning the Court to reinstate litigation which has been dismissed, the Plaintiff is seeking to alter the final judgment of the Court in this case.  This places the motion under Rule 59(e) as "any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) if it seeks to change the order or judgment issued."[12]  Plaintiff's motion construes the dismissal as improper on legal grounds which gives weight to classifying this motion under Rule 59.[13]

Finally and most importantly, as a Rule 59(e) motion, Plaintiff's motion for reconsideration is untimely.  The Court entered judgment on April 30, 2007 and amended its order of dismissal on May 10, 2007.  Plaintiff filed the instant motion on June 6, 2007.  By either date, the Plaintiff's motion is well outside the 10 day time period for filing a motion under Rule 59(e).   As this time period is jurisdictional and cannot be extended, the Court should dismiss Plaintiff's motion as untimely.

### B. Plaintiff's Motion Seeks to Relitigate Old Matters.

Even if Plaintiff's motion was timely it would still fail as it sought to offer the same legal arguments previously litigated.  Rule 59 is not designed to provide an avenue for a disappointed party to relitigate a matter previously decided by the court, or to introduce new evidence, tender new legal theories, or to raise arguments which could have been offered prior to entry of the order.[14]  Moreover, relief afforded by Rule 59 is granted sparingly and

---

[12]   *Villanueva-Mendez v. Nieves Vazquez*, 360 F.Supp.2d 320, 323 (D.P.R. 2005);

[13]   *Piper v. U.S. Dept. of Justice*, 312 F.Supp.2d 17, 20 (D.D.C. 2004)("any motion that draws into question the correctness of the judgment is functionally a motion under Civil Rule 59(e), whatever its label.").

[14]   *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (denial of motion to alter or amend not an abuse of discretion where motion repeated legal arguments made earlier and sought to introduce facts available earlier in proceedings.); *U.S. v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006); *Bannister v. Armontrout*, 4 F.3d 1434, 1440 (8th Cir. 1993); *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990) *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989) ("such motions may not be used to relitigate issues that were resolved

Opposition to Motion for Reconsideration
*Deans v. Anchorage School District, et al*, Case No. 3:05-cv-00283-TMB                              Page 5 of 8
03227.1212/00154728

is properly viewed as an extraordinary remedy.[15] These rules apply squarely to the facts here to defeat Plaintiff's motion for reconsideration.

Specifically, the Ninth Circuit has ruled it is not an abuse of discretion to dismiss a Rule 59 motion when the motion offers the same legal arguments as offered at trial or to introduce new evidence that was available at time of trial.[16] In *Zimmerman*, the Court stated:

> "[a]mendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. . . . the district court did not abuse its discretion in denying Plaintiffs' motion to alter or amend its judgment. With one exception, the motion repeated legal arguments made earlier and sought to introduce facts that were available earlier in the proceedings."[17]

Here Plaintiff seeks to make the same arguments as they did before the Court dismissed the case. This does not satisfy any of the requirements to permit Plaintiff's motion to go forward under Rule 59.

In Plaintiff's motion, Plaintiff essentially reargues his belief that his pleading requires the Defendants to answer with specificity, that exhaustion of administrative

---

to the movant's dissatisfaction.'); *U.S. v. Parkhurst*, No. Civ.05-00276 SOM/KSC., 2006 WL 291657 at *3 (D. Hawaii Feb. 6, 2006); *Mannings v. School Bd. of Hillsborough County, Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993); *Ryan v. Sullivan, Hill, Levin, Rez, Engel & LaBazzo*, No. 3-00-CV-1854 (DJS), 2005 WL 367836, at *1 (D. Conn. Jan. 25, 2005) (*quoting Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y. 1990) (motions made pursuant to Rule 59(e) must adhere to stringent standards to prevent "wasteful repetition of arguments already briefed, considered and decided"); *Diebitz v. Arreola*, 834 F.Supp. 298, 302 (D. Wis. 1993) (motion to alter or amend not designed to relitigate old matters); *Mendozo Toro v. Gil*, 110 F.Supp.2d 28, 38 (D. Puerto Rico 2000); *Dale & Selby Superette & Deli v. Dept. of Agriculture*, 838 F.Supp. 1346, 1347-48 (D. Minn. 1993); 11 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure*, § 2810.1 at 127-28 (2d ed. 1995).

[15] *See In re Keiffer-Mickes, Inc.*, 226 B.R. 204, 210 (8th Cir. B.A.P. 1998); *Wilson v. Runyon*, 981 F.2d 987, 989 (8th Cir. 1992); *See also*, *Simon*, 156 F.2d at 1159 (citations omitted) (under Rule 59(e) "[m]otions ... to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence.")

[16] *Zimmerman*, 255 F.3d at 740.

[17] *Id.* (internal citations omitted).

Opposition to Motion for Reconsideration
*Deans v. Anchorage School District, et al*, Case No. 3:05-cv-00283-TMB   Page 6 of 8
03227.1212/00154728

remedies is futile, and that he is entitled to an injunction where procedural safeguards are allege to have been breached.[18] These are arguments Plaintiff has already made and the Court has ruled on by dismissing the suit. It is inappropriate to try and dress old arguments in new clothing and hope the Court will be blinded by form while ignorant to substance.[19] When petitioners merely "regurgitate arguments made throughout voluminous pleadings carefully considered and rejected by the Court" on that "basis alone" a Rule 59 motion must be denied.[20] Plaintiff is unhappy with the judgment of the Court and seeks to relitigate the matter with this motion. This is an inappropriate use of a Rule 59 motion.

## III.   CONCLUSION

For the reasons stated above this Court should summarily deny Plaintiff's Motion for Reconsideration as being untimely.

---

[18]   Mtn. for Reconsideration at 1 ¶2, 4.

[19]   *Fox v. American Airlines, Inc.*, 295 F.Supp.2d 56, 60 (D.D.C. 2003)("[t]he plaintiffs' reassertion of legal arguments made in the original opposition to the defendant's motion to dismiss merely constitutes an inappropriate attempt to reargue the defendant's initial motion and does not form a proper basis for reconsideration.").

[20]   *U.S. v. York*, 890 F.Supp. 1117, 1140 (D.D.C. 1995)(overturned on other grounds).

Opposition to Motion for Reconsideration
*Deans v. Anchorage School District, et al*, Case No. 3:05-cv-00283-TMB                Page 7 of 8
03227.1212/00154728

DATED at Anchorage, Alaska this 18th day of June, 2007

JERMAIN, DUNNAGAN & OWENS, P.C.
Attorneys for, Jerry Sjolander, Cindy Anderson, Cheryl Guyett, James Aronow, Julye Neel, Kristin Shank and Debi Wilson.

By: */s/ Raymond E. Goad, Jr.*
Bradley D. Owens
Alaska Bar No. 7610122

Raymond E. Goad, Jr.
Alaska Bar No. 0111062

Jermain, Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503
Tel: (907) 563-8844
Fax: (907) 563-7322

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies that on this 3rd day of June, 2007, a true and correct copy of *Memorandum Supporting Motion to Dismiss District Defendants* was served on:

Lewis King Deans
310 West 76th Ave., Apt. E
Anchorage, AK 99518

Neil Slotnick
Office of the Attorney General
Labor and State Affairs
123 4th Street, 6th Floor
Juneau, Alaska 99811-0300

by first class mail, if an address is indicated above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

*/s/Raymond E. Goad, Jr.*
Raymond E. Goad, Jr.
3227.1212/142670

Opposition to Motion for Reconsideration
*Deans v. Anchorage School District, et al*, Case No. 3:05-cv-00283-TMB     Page 8 of 8
03227.1212/00154728